## THE DUTCHESS COUNTY MUTUAL INSURANCE COMPANY, RESPONDENT, *v.* THE CITY OF POUGHKEEPSIE, APPELLANT.

*Domestic insurance companies, exempt from all taxation on personal property, except as specified in chapter* 679 *of* 1886.

The plaintiff, a mutual insurance company, which was duly incorporated under the laws of the State of New York, and had an office and place of business at Poughkeepsie, brought this action to recover certain taxes paid to the treasurer of the defendant under protest, after a levy to collect the same had been made, and, also, to recover certain taxes paid by the plaintiff to the treasurer without a demand or levy.

Section 4 of chapter 679 of 1886, imposing certain taxes for State purposes, reads as follows: "The lands and real estate of such insurance companies shall continue to be assessed and taxed where situated for State, city, town, county.

village, school or other local purposes, but the personal property, franchise and business of all insurance companies incorporated under the laws of this State, or any other State or country, and doing business in this State, and the shares of stock of said companies shall hereafter be exempt from all assessment or taxation except as in this act prescribed, provided that this section shall not affect the fire department tax of two per cent now required to be paid."

*Held*, that this act exempted from all assessment and taxation all personal property of the corporation, except as therein provided, and that the taxes imposed were, therefore, illegally imposed and ought not to have been collected.

The defendant claimed that portions of the money so paid were for county taxes and were collected upon the warrant of the board of supervisors, and that, therefore, the city was not liable.

*Held*, that the answer to this was, that the treasurer of the defendant received the money in his capacity, as an officer of the defendant and in pursuance of his duty as such officer.

*Everson v. City of Syracuse* (100 N. Y., 577) distinguished.

APPEAL by the defendant from a judgment recovered on the verdict of a jury at the Dutchess County Circuit, in June, 1888, which was entered in the office of the clerk of Dutchess county on June 18, 1888; and also from an order denying a motion, made on the minutes of the justice presiding at the trial, to set aside the verdict and for a new trial.

The plaintiff is a mutual insurance company having its office and place of business at Poughkeepsie, N. Y. The sum of $106.25 was assessed against it as a tax on its personal property for city, county and State purposes, for the year 1887, and on February 2, 1887, and after a warrant had been issued to the city treasurer, the plaintiff paid the said tax to him under protest and objection. The said company was again assessed upon its personal property for city and county purposes, the next year (1888) in the amount of $123.92, and refusing to pay, its office furniture, etc., was levied upon by the city treasurer, whereupon the amount of said tax was paid; and this action was brought to recover the said taxes for the two years, as having been unlawfully assessed and imposed, and collected by compulsion.

*C. B. Herrick,* for the appellant.

*Frank B. Lown,* for the respondent.

PRATT, J.:

Two questions are raised by this appeal. First. Whether the act of 1886 (chap. 679) referred to, exempts the plaintiff from the payment

of any other taxes than the taxes for State purposes imposed by the act; and, second, if it does so exempt, can this suit be maintained to recover back moneys paid to the city for such taxes. The taxes so paid were assessed on the personal property of the plaintiff for the years 1887 and 1888, and paid under protest; the tax of 1888, after warrant had been issued and levy made. The section of the statute under which plaintiff claims exemption is as follows; " Section 4. The lands and real estate of such insurance companies shall continue to be assessed and taxed where situated for State, city, town, county, village, school or other local purposes; but the personal property, franchise and business of all insurance companies incorporated under the laws of this State, or any other State or country, and doing business in this State, and the shares of stock of said companies shall hereafter be exempt from all assessment or taxation, except as in this act prescribed; provided, that this section shall not affect the fire department tax of two per cent now required to be paid." This act seems to be as clear and explicit as possible that the personal property of the corporations referred to shall be exempt from all assessment and taxation, except as therein provided; the taxes were, therefore, illegally imposed and ought not to have been collected. The defendant claims that portions of the money so paid were for county taxes and collected upon the warrant of the board of supervisors, and, therefore, the city is not liable. The answer to this is that the treasurer of the defendant received the money in his capacity as an officer of defendant and in pursuance of his duty as such officer. Prior to the payment of the taxes the defendant had paid the county tax to the county treasurer out of the general city fund, and the taxes when paid by plaintiff were covered into the city treasury to replace the moneys for county tax, and the balance for the other purposes for which the same were assessed. It cannot be said that any of the payments were voluntary. The first were by an arrangement with the city treasurer, paid under protest, and the last after levy and threatened sale of property.

The case of *Everson* v. *City of Syracuse* (100 N. Y., 577), is not an authority applicable here. That was an action of tort against the city for levy and sale made by a constable, and failed for the reason that the constable was not authorized by the city to commit the tortious acts complained of. This case is in the nature of an

action directly against the city for money had and received by the defendant to plaintiff's use. The criticism upon the statute of 1886, indulged in by the defendant, may be just, but the remedy must be sought in the modification or repeal of the statute. We are unable to say it is unconstitutional.

The judgment should be affirmed, with costs.

DYKMAN, J., concurred.

Judgment affirmed, with costs.