ÆTNA INSURANCE COMPANY, Appellant and Respondent, v. THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent and Appellant.

1. EXEMPTION FROM TAXATION — EFFECT OF STATUTE ON TAX FOR CURRENT YEAR — L. 1886, CH. 679. The exemption of the personal property of insurance companies from taxation, by section 4 of chapter 679, Laws of 1886, enacted June fifteenth of that year, to take effect immediately, but without any provision giving it retroactive effect, did not apply to taxes for the year 1886 upon property in the city of New York, although when the act was passed the tax had not been actually perfected by extending it upon the assessment roll, since the assessment became complete on May first.

2. TAX ON BANK STOCK OWNED BY INSURANCE COMPANY — L. 1886, CH. 679. Stock of banks in this state, owned by a fire and marine insurance company doing business in this state but organized under the laws of another state, is exempt from taxation, by force of section 4 of chapter 679, Laws of 1886, as part of the "personal property, franchise and business" of such a company.

3. ACTION TO RECOVER MONEY PAID FOR TAX. An action may be maintained to recover back money involuntarily paid in satisfaction of a tax without first having the assessment set aside or vacated, or making a prior demand for the return of the money, if the assessment although valid on its face is in fact void because the assessors had no jurisdiction to make it.

4. LIEN OF TAX AS DURESS — INVOLUNTARY PAYMENT — L. 1882, CH. 409. The lien of a tax on bank stock, created by section 314 of chapter 409, Laws of 1882, made the imposition of a tax on stock, which was exempt because owned by a fire and marine insurance company doing business in the state, such an impounding or duress of the property as to render a payment thereof so far involuntary as to authorize an action by the owner of the stock to recover from the city which imposed the tax the money wrongfully received therefor.

5. PAYMENT BY BANK OF TAX ON STOCKHOLDERS. Payment by a bank of the gross amount of the tax on its stockholders for stock therein, including stock which was exempt because owned by a fire and marine insurance company doing business in the state, cannot be deemed such a voluntary payment by the insurance company as to preclude its recovery of the amount paid on its stock from the city which imposed and received the payment of the tax, where the insurance company did not expressly authorize or assent to the payment after it had acquired full knowledge of all the facts, including the fact that the tax was invalid.

6. STATUTE TAXING BANK SHARES — EXEMPTION — L. 1882, CH. 409; L. 1886, CH. 679. The provision for the taxation of bank shares in chap-

ter 409, Laws of 1882, which expressly makes them a part of the personal property of the stockholder, does not exclude such shares from the exemption created by chapter 679, Laws of 1886, of the personal property of a fire and marine insurance company doing business in the state.

*Ætna Ins. Co.* v. *Mayor*, 7 App. Div. 145, affirmed.

(Argued June 8, 1897; decided June 15, 1897.)

CROSS-APPEALS from an order and judgment of the Appellate Division of the Supreme Court in the first judicial department, entered, respectively, June 29 and September 9, 1896, which affirmed a judgment entered upon a verdict directed by the court.

The questions in this case arise upon cross-appeals from an order and judgment of the Appellate Division in the first department, affirming a judgment entered upon a verdict directed by the court. The action was to recover money paid for taxes imposed by the defendant in the years 1886, 1887 and 1888 upon bank stock owned by the plaintiff. The court directed a verdict in favor of the defendant as to the taxes for the year 1886, and in favor of the plaintiff for the taxes collected in the years 1887 and 1888. · From so much of the judgment as determined that the plaintiff was not entitled to recover for the taxes paid in the year 1886, it appealed, while the defendant appealed from that portion of the judgment which determined that the plaintiff was entitled to recover for the taxes paid in the years 1887 and 1888.

The plaintiff is an insurance corporation organized under the laws of the state of Connecticut. During the years mentioned it carried on the business of fire and marine insurance in the state of New York. The allegations of the complaint, briefly stated, are : That the taxes assessed upon the plaintiff were illegal and void ; that the defendant collected them from the respective banks whose stocks were owned by the plaintiff ; that such collections were made without the plaintiff's knowledge or consent, and, against its will, the amount thereof was wrongfully deducted from funds in the possession of the banks belonging to the plaintiff, and that the defendant now holds such moneys to the use of the plaintiff.

In the answer, after the illegality of the tax is denied, it is alleged that the plaintiff neglected to take any steps to review, correct or vacate any of the assessments, or to stay or prevent the collection of any of the taxes based thereon; that the taxes were voluntarily paid, without force or duress, and that, if paid under mistake, it was a mistake of law and not of fact.

On the trial it was proved that the taxes, including plaintiff's, were paid by each of the several banks with its own check, which was given for the taxes of all the stockholders of that bank in each year. Such of the stockholders as had proved that they were not liable for such taxes, so that their names were not upon the assessment roll in the hands of the receiver of taxes, the banks were accustomed to pay, in addition to the regular dividend, a further sum equal to the amount which would have been imposed if the taxes had not been canceled, but the stockholders whose names remained upon the roll, although they received the regular dividends, received no such additional one. These taxes were shown to have been collected in this manner: The tax officers sent to each bank a bill of taxes showing the gross amount of taxes standing on the books of the tax receiver against the stockholders of that particular bank, and the cashier would send a check for the whole amount, less the amount of the rebate in favor of the stockholders whose assessments were canceled. Sometimes the bank asked for a bill and sometimes it was sent without request. The practice had been continued for several years prior to 1886, and was followed in regard to the payment of the taxes in dispute. The president of the plaintiff, who was its assistant secretary at the time of the levy and payment of these taxes, testified that he had no knowledge of the payment and imposition of the taxes at the time, and that no officer of the plaintiff had knowledge of them, so far as he knew, although it was admitted that notices were received from some of the banks notifying them that the commissioners of taxes would impose an assessment upon the stockholders of the bank, and advising them of their right to reduce the assessment by the deduction of debts, to be attended to in person

at the tax commissioners' office. Other banks sent communications to the plaintiff, which accompanied the payment of dividends, specifying that such dividends were free of tax. In April in each of the years 1887 and 1888, the plaintiff sent a communication to the tax commissioners, claiming exemption from taxation upon its shares of bank stock of these New York banks, under and by force of the provisions of chapter 679 of the Laws of 1886.

At the close of the evidence, each party moved for the direction of a verdict. The court thereupon directed a verdict for the defendant as to the taxes for the year 1886, and directed a verdict for the plaintiff for the full amount of the taxes paid in each of the years 1887 and 1888, with interest.

*Thomas P. Wickes, Esek Cowen* and *George Richards* for plaintiff. The statute, chapter 679 of the Laws of 1886, exempted the plaintiff from payment of a tax upon its bank shares. (*M. Ins. Co.* v. *Poughkeepsie,* 51 Hun, 596; *People ex rel.* v. *Coleman,* 121 N. Y. 542.) The taxes attempted to be imposed upon the plaintiff for the years 1887 and 1888 were not voidable, but void. (*Nat. Bank of C.* v. *City of Elmira,* 53 N. Y. 49; *In re N. Y. Catholic Protectory,* 77 N. Y. 342; *McLean* v. *Jephson,* 123 N. Y. 142; *U. S. T. Co.* v. *Mayor, etc.,* 144 N. Y. 492; *Prosser* v. *Secor,* 5 Barb. 608.) The tax being void, the plaintiff may maintain an action to recover back the amount received by the city as money had and received, without right to the use of plaintiff. (*Peyser* v. *Mayor, etc.,* 70 N. Y. 497; *Strusburgh* v. *Mayor, etc.,* 87 N. Y. 452; *Bank of Commonwealth* v. *Mayor, etc.,* 43 N. Y. 184; *Bruecher* v. *Vil. of Port Chester,* 101 N. Y. 240; *Tripler* v. *Mayor, etc.,* 139 N. Y. 1.) The payment in the case at bar was not a voluntary payment within the meaning of the decisions denying a recovery in such cases. (2 R. S. [8th ed.] 1580, § 314; *Merchants' Bank* v. *Spalding,* 9 N. Y. 53; *Honegger* v. *Wettstein,* 94 N. Y. 252; *Mygatt* v. *Washburn,* 15 N. Y. 316; *Dorn* v. *Backer,* 61 N. Y. 261; *National Bank of C.* v. *City of*

*Elmira*, 53 N. Y. 49 ; *In re N. Y. Catholic Protectory*, 77
N. Y. 342; *McLean* v. *Jephson*, 123 N. Y. 142; *M. L. Ins.
Co.* v. *Mayor, etc.*, 144 N. Y. 494; *Bd. of Suprs.* v. *Ellis*,
59 N. Y. 620 ; *People* v. *Fields*, 58 N. Y. 491.)   The defend-
ant is estopped by the record from contending that the plain-
tiff is chargeable with knowledge and assented to the payment.
(*McLean* v. *Jephson*, 123 N. Y. 142.)   The evidence clearly
shows that the money which was paid to the city was the
money of the plaintiff, and that the plaintiff has suffered loss
of it by the diminution of dividends in those years in which
it was illegally taxed.   (2 R. S. [8th ed.] 1580, § 312; L. 1882,
ch. 409 ; *National Bank of C.* v. *City of Elmira*, 53 N. Y.
49.)   Chapter 679 of the Laws of 1886 operated to exempt
the plaintiff from the levy of any tax in that year.   (*People
ex rel.* v. *Comrs.*, 142 N. Y. 348 ; *People ex rel.* v. *Coleman*,
121 N. Y. 542.)

*Francis M. Scott, George S. Coleman* and *James M. Ward*
for defendant.   The taxes imposed on the bank shares of
plaintiff in 1886, 1887 and 1888 were not void by reason of
any laws of the United States or of the state of New York,
or, in particular, by reason of chapter 679 of the Laws of 1886.
(*M. Ins. Co.* v. *Poughkeepsie*, 51 Hun, 595 ; *People ex rel.*
v. *Coleman*, 121 N. Y. 542; L. 1882, ch. 409 ; *Bank of
Redemption* v. *Boston*, 125 U. S. 60 ; *People ex rel.* v. *Cole-
man*, 135 N. Y. 231 ; 64 Miss. 378.)   If chapter 679 of the
Laws of 1886 did apply to bank stock owned by fire and
marine insurance companies of states other than New York,
the exemption under the act was not applicable to assessments
for purposes of taxation for the year 1886 in the county of
New York.   A statute is always presumed to be prospective
in its operation unless the contrary is expressly provided or is
necessarily to be inferred.   (*Association for Colored Orphans*
v. *Mayor, etc.*, 104 N. Y. 581 ; *People ex rel.* v. *Comrs.*, 142
N. Y. 350; *Sisters of St. Francis* v. *Mayor, etc.*, 51 Hun, 355 ;
112 N. Y. 677; *Matter of American Fine Arts Society*, 6
App. Div. 496 ; 151 N. Y. 621 ; *People ex rel.* v. *McCall*, 94

N. Y. 587; L. 1885, ch. 530; *People ex rel.* v. *Tax Comrs.*, 17 Abb. [N. C.] 377; 41 Hun, 376; *Reid* v. *Mayor, etc.*, 68 Hun, 113; *In re Miller*, 110 N. Y. 216; *Quinlan* v. *Welch*, 141 N. Y. 158, 165; *People ex rel.* v. *Comrs.*, 91 N. Y. 605.) The assessments were made by officers having jurisdiction of the person of plaintiff as well as of the subject-matter; and cannot be attacked collaterally. (1 R. S. ch. 13, tit. 1, § 4; L. 1882, ch. 409, §§ 325, 326; *Tappan* v. *M. Nat. Bank*, 86 U. S. 490; *Nat. Bank of C.* v. *City of Elmira*, 53 N. Y. 49; *In re N. Y. C. Protectory*, 77 N. Y. 343; *McLean* v. *Jephson*, 123 N. Y. 142; *Bank of Redemption* v. *Boston*, 125 U. S. 60; *U. S. T. Co.* v. *Mayor, etc.*, 144 N. Y. 488; *Bank of Comm.* v. *Mayor, etc.*, 43 N. Y. 184.) Even if the assessments had been made wholly without jurisdiction, and had been absolutely void, the plaintiff cannot recover in this action, because the moneys received by defendant for the taxes of the several years were paid voluntarily, without duress of fact or law. (*Tappan* v. *M. Nat. Bank*, 86 U. S. 490; *Honegger* v. *Wettstein*, 94 N. Y. 252; *Sondheimer* v. *R. R. Co.*, 20 N. Y. S. R. 290; *U. S. T. Co.* v. *Mayor, etc.*, 77 Hun, 182; 144 N. Y. 488; *McLean* v. *Myers*, 134 N. Y. 480.) If the plaintiff is permitted to defeat the plea of voluntary payment by repudiating the agency of the banks which paid the taxes, it still is not entitled to recover in this action. The city received the moneys in each year, from the banks, under color and claim of right, for its own use, and it is well settled that in the circumstances disclosed by the present record an action will not lie by the plaintiff against the defendant. (*Peckham* v. *Van Wagenen*, 83 N. Y. 40, 45; *People ex rel.* v. *Barker*, 86 Hun, 131; *Clow* v. *Borst*, 6 Johns. 37; *Bleakley* v. *White*, 4 Paige, 654; *A. D. Co.* v. *Mayor, etc.*, 53 N. Y. 65; *Muller* v. *Eno*, 14 N. Y. 605; *Patrick* v. *Metcalf*, 37 N. Y. 332; *Butterworth* v. *Gould*, 41 N. Y. 450; *Decker* v. *Saltzman*, 59 N. Y. 275.)

MARTIN, J. The first question involved in this controversy relates to the taxes assessed and collected of the plaintiff for

the year 1886. On the 15th of June of that year the legis-
lature passed an act which provides: "The lands and real
estate of such insurance companies shall continue to be assessed
and taxed where situated for state, city, town, county, village,
school or other local purposes; but the personal property,
franchise and business of all insurance companies incorporated
under the laws of this state, or any other state or country and
doing business in this state, and the shares of stock of said
companies shall hereafter be exempt from all assessment or
taxation except as in this act prescribed; provided that this
section shall not affect the fire department tax of two per cent
now required to be paid." (Laws of 1886, chap. 679, sec. 4.)
The solution of this question depends upon the construction
of this provision of the statute and how far it affected the tax
for that year. This act expressly provided that insurance com-
panies incorporated under the laws of any other state doing
business in this state should thereafter be exempt from assess-
ment or taxation, except in certain cases which have no appli-
cation here. It is contended by the plaintiff that this statute
exempted it from taxation and was applicable to the taxes for
the year 1886, although the assessment for that year had been
completed prior to its passage. Its claim is, that as it was to
take effect immediately, and as the tax had not been actually
perfected by extending it upon the assessment roll, it was
exempted from the taxes of that year.

With that contention we cannot agree. Indeed the ques-
tion can hardly be regarded as an open one in this court, as
similar questions have been several times decided by us
adversely to the plaintiff's claim in that respect. (*Matter of
the American Fine Arts Society*, 151 N. Y. 621; 6 App.
Div. 496; *Assn. for Colored Orphans* v. *Mayor, etc.*, 104 N.
Y. 581; *People ex rel. American Bible Society* v. *Tax Comrs.*,
142 N. Y. 348.) In the first case cited the effect of chapter
540 of the Laws of 1895 was under consideration. That stat-
ute provided that the real and personal property of the Ameri-
can Fine Arts Society which it held under a lease from others,
when the lessee was required to pay the annual taxes, should

43

be exempt from all taxation. That act took effect on May 3rd of that year. The assessment upon property situated in the city of New York is completed in each year on the 1st day of that month. This court held in that case that as the commissioners of taxes and assessments had no power to change the assessments after that time, the act did not exempt the property of the society from a tax for that year. In the second case the same doctrine was applied, where the plaintiff became the owner of real estate after the first day of May, but before the tax was actually imposed, the court holding that the exemption did not apply to taxes for the year in which the act was passed.

In the case of *The American Bible Society* although it was held that the act there under consideration relieved the property of the relator from taxation for that year, because it was passed previous to the first day of May, and was to take effect immediately, still the court recognized the correctness of the principle established by the preceding cases. (See, also, *Sisters of St. Francis* v. *Mayor*, 51 Hun, 355; affirmed, 112 N. Y. 677; *People ex rel. 23rd Street R. R. Co.* v. *Tax Comrs.*, 91 N. Y. 593.)

It is urged by the plaintiff that the word "taxation" relates to the imposition of the tax itself and not to the assessment, and as the tax had not been actually levied when this statute was passed, it exempted its property from taxation for the year 1886. We think there is no distinction between this case and *Matter of the American Fine Arts Society* (*supra*), as in that case like this the exemption was from taxation. As there was no provision in the act under consideration in this case giving it a retroactive effect, it did not affect the assessment and tax for the year 1886. It follows that the appeal of the plaintiff cannot be sustained.

This brings us to the consideration of the validity of the taxes imposed for the years 1887 and 1888. Under the statute to which we have already adverted, the personal property of an insurance corporation of another state doing business in this state is exempt from assessment and taxation,

except as therein provided. As there was nothing in the act providing for a tax such as was imposed in this case, there was no law authorizing its assessment and levy. Such a tax was forbidden by that statute, and consequently was without authority and contrary to law. (*People ex rel. Commonwealth Ins. Co.* v. *Coleman*, 121 N. Y. 542; *Mutual Ins. Co.* v. *City of Poughkeepsie*, 51 Hun, 595.) In *National Bank of Chemung* v. *City of Elmira* (53 N. Y. 49) it was held that assessors have no power to determine what property is taxable; that is within the province of the legislature alone, and if an erroneous decision on the part of the assessors as to what is taxable property is made, they are liable; that the assessment founded thereon is void, and that such a decision may be attacked collaterally. In that case a tax was levied in violation of chapter 761 of the Laws of 1866, which forbade the assessment of any tax upon the capital of any bank organized under the authority of the state or of the United States, and it was held that the assessors had no power to act, and that their acts were void. In *Matter of the N. Y. Catholic Protectory* (77 N. Y. 342), where the property of that institution was exempt by statute from assessment and taxation, it was held that the assessors had no authority to make such an assessment, and that the imposition of the tax was illegal and void for want of jurisdiction. In *Prosser* v. *Secor* (5 Barb. 607) the plaintiff was a minister of the gospel, and claimed as such to be exempt from taxation. He was, however, assessed, and it was held that the assessors had no jurisdiction to make such assessment, and it was, therefore, illegal and void. Thus it is obvious that a tax imposed upon the plaintiff was without authority of law, and was illegal and void.

The tax being void, the amount paid the city may be recovered in an action for money had and received. It seems to be settled in this state that, where an assessment is valid on its face, and in fact void because the assessors had no jurisdiction to make it, an action may be maintained to recover back money involuntarily paid in satisfaction thereof without first having the assessment set aside or vacated, and a demand for

the return of the money is unnecessary before the commencement of an action to recover it. (*Bruecher* v. *Village of Port Chester*, 101 N. Y. 240.)

We are also of the opinion that the payment of the taxes for 1887 and 1888, under the circumstances disclosed by the evidence, was not voluntary, and hence the amount thereof may be recovered in this action. At the time these payments were made, section 314 of chapter 409 of the Laws of 1882 was in force. That section provides that a tax upon the shares of a bank organized under the laws of the state, or of the United States, shall be and remain a lien thereon from the day when the property was assessed, and, if transferred after that day, the transfer shall be subject to such lien. As this tax became and remained a lien upon the plaintiff's bank stock, even after a transfer, it deprived it of an essential element of its ownership and of its right to transfer it. That being the effect of the imposition of the tax, we think it amounted to such an impounding or duress of the plaintiff's property as to render the payment so far involuntary as to authorize an action for the recovery of the money thus wrongfully received by the defendant. The plaintiff could only establish its right to a full enjoyment of its property by proof of the facts which entitled it to an exemption under the statute of 1886, in an action or proceeding instituted for that purpose, or by payment of the tax. The defendant having, by its unauthorized act, placed the plaintiff in that position, it cannot relieve itself from a liability to refund the amount it thus wrongfully received by asserting that the payment was a voluntary one, or by claiming that the plaintiff might have pursued some other remedy to relieve its property from the lien thus established. The payment was necessary to relieve the plaintiff's property from the lien to which it was made subject by the wrongful acts of the defendant's officers, unless it instituted a proceeding to establish the invalidity of the tax. The plaintiff, to enforce its rights, elected to pay the tax and thus relieve its property from such lien, and then to institute an action to recover the amount it was obliged to pay, instead

of commencing a proceeding to set aside the tax. We think the defendant is not in a position to complain because the plaintiff elected to pursue the former instead of the latter remedy, and that the payment cannot be held to be so far voluntary as to deprive the plaintiff of its right to recover the amount of taxes thus wrongfully levied and received by the defendant.

Moreover, we are of the opinion that, independent of that question, there was no such voluntary payment by the plaintiff, with a knowledge of all the facts, as would bar a recovery of the moneys thus paid. The payments were made by the banks without express authority from the plaintiff. Therefore, although the banks may have had some knowledge of the facts, the plaintiff was not chargeable with that knowledge, unless the payments were made in pursuance of its express authority or consent after it had acquired full knowledge of all the facts, including the invalidity of the tax. While the bank may have been justified in paying a valid tax upon the plaintiff's property, it had no authority to pay one which it knew to be invalid, unless by the express direction of plaintiff, with full knowledge of its invalidity. Hence it is obvious that the payments for 1887 and 1888 were so far involuntary as to justify a recovery in this action. (*Carver* v. *Creque*, 48 N. Y. 385; *Mason* v. *Prendergast*, 120 N. Y. 536.)

The defendant contends that the bank shares owned by the plaintiff did not fall within the provisions of the act of 1886, because the state had a separate and independent system of taxation of stockholders in state and national banks, and there was nothing in the act of 1886 indicating an intent to abrogate the provisions of that system. The authority to tax shares of national banks was conferred by section 5219 of the Revised Statutes of the United States, which provided that the legislature of each state might determine and direct the manner and place of· taxing all shares of national banking associations located within the state, subject to two restrictions, first, that the tax should not be at a greater rate than is assessed upon other moneyed capi-

tal in the hands of individuals, and, second, that the shares of a national bank owned by non-residents should be taxed in the town or city where the bank is located. To carry that provision into effect chapter 409 of the Laws of 1882 was passed. Section 312 of that act provided that the stockholders of every bank organized under the authority of the state or of the United States, should be assessed and taxed on the value of every share of stock therein, and that such stock should be included in the valuation of the personal property of such stockholders in the assessment of taxes at the place where the banking association was located. Thus it is seen that, by virtue of the very statute to which the defendant refers, the shares of the stockholders of such banks are to be included in and form a part of the personal property for which the stockholders are to be assessed, while the statute of 1886 expressly provided that the personal property, franchises and business of insurance companies incorporated under the laws of another state and doing business in this should thereafter be exempt. It is difficult to see how it can be held that bank shares which are, by the statute of 1882, expressly made a part of the personal property of the stockholder, can be excluded from the exemption provided by the statute of 1886, which expressly exempts all the personal property, franchises and business of the company. That, independent of that statute, shares of stock in a bank are personal property there can be no doubt. Moreover, the statute expressly recognizes them as such. That under these circumstances they should be regarded as within the provisions of the statute of 1886 is obvious. That statute was passed subsequent to the statute of 1882, and if there had been any intention to exclude bank shares from the operation of that act, presumably it would have been expressed in the statute. The statutes of 1882 and 1886 must be read and construed together, and if there is any inconsistency in their provisions the latter must be regarded as modifying the former. We think plaintiff's shares of stock in the various banks of this state formed a portion of its personal property, and

were exempted from taxation by the statute of 1886.   Under the circumstances of this case we are clearly of the opinion that the plaintiff was not liable to taxation upon the stocks of New York banks owned by it in the years 1887 and 1888, and that the recovery herein should be sustained.

Therefore, the judgment of the learned Appellate Division should be affirmed, but as both parties have appealed, without costs to either.

All concur.

Judgment affirmed.