(108 App. Div. 192.)

GUARANTY TRUST CO. OF NEW YORK v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. November 10, 1905.)

1. TAXATION—TRUST COMPANIES—BANK STOCK—EXEMPTIONS.

A domestic trust company, which has paid the taxes imposed by Tax Law, art. 9 (Heydecker's Gen. Laws, p. 1923, c. 24) § 187a, imposing on trust companies an annual tax on their capital stock, surplus, and undivided profits, is by virtue of section 202 (page 1929), exempting from taxation the personal property of corporations paying the tax imposed by section 187a, exempt from taxation on bank stock owned by it.

2. SAME—PAYMENT OF VOID TAXES—RECOVERY.

The amount of void taxes paid to a municipality is recoverable by an action for money had and received.

[Ed. Note.—For cases in point, see vol. 45, Cent. Dig. Taxation, §§ 997, 1006.]

3. SAME—BANK STOCK—AGENCY OF BANK TO PAY TAXES—VOLUNTARY PAYMENT.

Where a bank, in an attempt to comply with Tax Law (Heydecker's Gen. Laws, p. 1861, c. 24) § 24, making it the duty of every bank to collect the tax due on the shares of its stock from the owners thereof and pay the same to the receiver of taxes, paid, without the authority and against the will of a stockholder, an illegal tax imposed on the stock, the tax was involuntarily paid, authorizing the stockholder to recover it from the municipality in an action for money had and received; the bank being an agent, with authority only to pay a legal tax on the shares of its stock.

[Ed. Note.—For cases in point, see vol. 45, Cent. Dig. Taxation, § 1000.]

4. SAME—PAYMENT OUT OF PROPERTY OF STOCKHOLDER.

A bank, in an attempt to comply with the law requiring it to collect the tax due on the shares of its stock from the owners thereof and to pay the same to the receiver of taxes, paid a tax on the shares from moneys held by it for distribution among its stockholders as dividends. *Held,* that the payment was a payment out of the property of the stockholders, authorizing a stockholder to recover from the municipality the tax paid on his shares, on it being shown that the tax was void and the payment by the bank unauthorized.

Appeal from Special Term, New York County.

Action by the Guaranty Trust Company of New York against the city of New York. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTER-SON, INGRAHAM, and LAUGHLIN, JJ.

E. Crosby Kindleberger, for appellant.

David Rumsey, for respondent.

O'BRIEN, P. J. This action is brought to recover the sum of $900 paid to the city for taxes upon plaintiff's personal property, consisting of bank stock. The defendant demurred to the complaint on the ground that it failed to state facts sufficient to constitute a cause of action. The demurrer was overruled, and the defendant appeals.

The complaint alleges that the plaintiff is a trust company incorporated under the laws of the state of New York, and that from the 1st of June to the 31st of December, 1904, it was the owner of 625 shares of the capital stock of the National Bank of Commerce; that for the year 1904 it was assessed for $90,000 upon the stock, and a "pretended tax" of $900 was levied upon the assessment; that at the time of the assessment and taxation all taxes due and payable by the plaintiff under article 9 of the tax law (Heydecker's Gen. Laws, p. 1917, c. 24), had been paid by it, and "therefore the personal property, consisting of shares of bank stock of the plaintiff, was exempt from taxation, and the assessment and tax purporting to be levied thereon were wholly illegal and void"; that on or before the 31st of December, 1904, the National Bank of Commerce, "for and on behalf of the plaintiff, paid to the defendant the sum of nine hundred dollars ($900), as and for a satisfaction of the said illegal tax, from moneys held by the said National Bank of Commerce and applicable for distribution among the stockholders of the said National Bank of Commerce as dividend payments"; that the payment by the bank was made "without the authority or consent of the plaintiff and against its will," and that at the time it was made neither the plaintiff nor its officers had any knowledge of the existence of the assessment or tax, or of the intention of the bank to pay it, or of the actual payment thereof; that the amount so paid has not been refunded to the plaintiff, although due demand has been made therefor upon the proper officer of the city of New York; and judgment is therefore demanded for the sum of $900 and interest.

We are of opinion that this complaint states a cause of action. It alleges that the plaintiff had paid all taxes due and payable under article 9 of the tax law, and therefore the bank stock which is owned was exempt from the further tax which the city attempted to impose upon it. Section 187a of the article referred to (Heydecker's Gen. Laws, p. 1923, c. 24) provides that:

"Every trust company incorporated * * * under * * * a law of this state * * * shall pay to the state annually for the privilege of exercising its corporate franchise or carrying on its business in such a corporate or

organized capacity an annual tax which shall be equal to one per centum on the amount of its capital stock, surplus, and undivided profits."

And it is further provided by section 202 (page 1929) that:

"The personal property of every corporation taxable under section 187a of this article, other than for an organization tax, and as provided in chapter 37 of the General Laws, shall be exempt from assessment and taxation for all other purposes, if all taxes due and payable under this article have been paid thereby."

All taxes under article 9 having been paid, and the plaintiff's personal property being exempt from further taxation, it follows that the acts of the city in making the assessment upon the bank stock, levying the tax thereon, and receiving the money were illegal. It has taken into its treasury, and now holds by virtue of a void tax, money to which it is not entitled, and which can be recovered in an action such as this for money had and received. As said in Ætna Insurance Co. v. Mayor, 153 N. Y. 331, 339, 47 N. E. 593, 594:

"The tax being void, the amount paid the city may be recovered in an action for money had and received. It seems to be settled in this state that, where an assessment is valid on its face, and in fact void because the assessors had no jurisdiction to make it, an action may be maintained to recover back money involuntarily paid in satisfaction thereof, without first having the assessment set aside or vacated."

But the appellant urges that the complaint fails to show that the payment to the city was involuntary. Upon this subject the allegations are that the money was paid "for and on behalf of the plaintiff" by the National Bank of Commerce "without the authority or consent of the plaintiff and against its will," and that the plaintiff at the time of the payment did not "have any knowledge of the existence of the assessment or tax." These allegations establish an involuntary payment as to the plaintiff, even though the bank, in paying the money, assumed to act under the direction of the statute (section 24, p. 1861, of the tax law) which makes it—

"The duty of every bank or banking association to collect the tax due upon its shares of stock from the several owners of such shares, and to pay the same * * * in the city of New York to the receiver of taxes thereof."

While it may be conceded that under this statute the bank was constituted the agent of the plaintiff for the purpose of paying a legal tax upon the shares of its stock which the plaintiff owns, still the scope of that agency was not broad enough to preclude the plaintiff from recovering from the city the amount of an illegal tax which had been paid without its knowledge, consent, or authority, and against its will. There is no difference in principle between the payment made by the bank to the city, as alleged in this complaint, and the payment made by the banks to the defendant, as shown by the facts in Ætna Ins. Co. v. Mayor, 7 App. Div. 145, 40 N. Y. Supp. 120, where this court said:

"Even though payment by the banks were voluntary on their part, it having been made in violation of the rights of the plaintiff, it cannot be regarded as a voluntary payment by the latter; because, as we view the doctrine of voluntary payment, it is applicable only where payment is made by the plaintiff directly or by his personally authorized agent, and should not be extended to a

case where the defendant has received from third persons moneys belonging to the plaintiff.   Carver v. Creque, 48 N. Y. 385;   Hathaway v. Town of Cincinnatus, 62 N. Y. 434;   Horn v. Town of New Lots, 83 N. Y. 100, 38 Am. Rep. 402; Mason v. Prendergast, 120 N. Y. 536, 24 N. E. 806.   These cases are authority for the view that it is not necessary to allege and prove that the payment was involuntary by such third person, but only that the plaintiff did not will or consent thereto."

And when that case reached the Court of Appeals, where it was affirmed (Ætna Ins. Co. v. Mayor, 153 N. Y. 331, 47 N. E. 593), Judge Martin expressed the same principle in the following words:

"The payments were made by the banks without express authority from the plaintiff.   Therefore, although the banks may have had some knowledge of the facts, the plaintiff was not chargeable with that knowledge, unless the payments were made in pursuance of its express authority or consent after it had acquired full knowledge of all the facts, including the invalidity of the tax.   While the bank may have been justified in paying a valid tax upon the plaintiff's property, it had no authority to pay one which it knew to be invalid, unless by the express direction of plaintiff, with full knowledge of its invalidity."

Nor is the application of this principle changed, as appellant suggests, by the fact that the statute in the Ætna Case simply imposed upon the bank the duty of retaining so much of the dividends belonging to its stockholders as should be necessary to pay the tax upon their stock and to withhold it until such tax should be paid, whereas the statute now under consideration imposes the duty upon the bank of collecting from its stockholders the amount due from them and paying it to the city.   Under both statutes the bank is required and permitted to act only in respect to a legal tax, and under neither statute would the payment by the bank of an illegal one without the knowledge or consent and against the will of its stockholder constitute a voluntary payment as to him.

This brings us to a consideration of the appellant's claim that the complaint does not show that the money paid was the property of the plaintiff.   The allegations in this respect are that the sum of $900 was paid "from moneys held by the said National Bank of Commerce and applicable for distribution among the stockholders of the said National Bank of Commerce as dividend payments."   Upon a demurrer "all the allegations stated in the complaint, as well as all that can be implied from them by reasonable and fair intendment, must be regarded as admitted" (Davis v. Cornue, 151 N. Y. 172, 178, 45 N. E. 449); and, giving to the above allegations of the complaint the benefit of this construction, we are of the opinion that they show that the money paid was the plaintiff's property.   The act of the bank in applying a portion of the "moneys applicable for distribution as dividends" to the payment of an illegal tax imposed upon the stock which the plaintiff owned must necessarily have resulted in depriving it of its dividends upon that stock to the extent of the tax paid.   In the distribution of those moneys as dividends the plaintiff, as one of the stockholders of the bank, was entitled to participate in the proportion which the amount of its stock bore to the outstanding issue of similar stock, and, if the illegal tax were paid from these moneys, then the amount of the tax would be deducted from the plaintiff's dividends.   The statute directed the bank, first,

to collect from the plaintiff as one of its stockholders the amount
due for a tax upon its stock, and then to pay the tax to the city.   In-
stead of following literally the provisions of the statute, the bank
did the equivalent, to wit, paid the tax from the money in its posses-
sion applicable for distribution as dividends.   It was the plaintiff's
property, however, which the bank paid and which the city received.
It was the money to which the plaintiff was entitled as dividends
from the bank.   The mere fact that those dividends had not actually
been paid to the plaintiff did not make them any the less its prop-
erty.   The payment out of the plaintiff's share in the dividend fund
was a payment of its property, just as much as though the bank had
actually collected from it the cash and then turned the identical
money collected into the city treasury.   The reasonable and fair
intendment of the allegation quoted is that the money belonged to
the plaintiff, a stockholder in the bank, as a part of dividends due it
upon the distribution of money applicable for that purpose.   The
same contention now made by the appellant was raised by the
defendant in the Ætna Case, supra, and in disposing of it this court
said:

"It is true it was paid by a check drawn on a fund in the bank, but that
such fund had been appropriated out of earnings to pay dividends, and thus
under the decisions became the property of the stockholders, we think the
evidence conclusively shows."

The facts thus referred to as being disclosed by the evidence in
the Ætna Case are equally well established by the allegations in
the complaint now before us, and such allegations must be accepted
as true in passing upon the question raised by the demurrer.   We
deem it unnecessary to enlarge further upon this subject, or to con-
sider more in detail the arguments of the appellant against the
sufficiency of the complaint, in view of the elaborate and careful
opinions both of the Court of Appeals and of this court in the Ætna
Insurance Case, supra, which we regard as controlling.

The views above expressed show that in our judgment the com-
plaint states a cause of action, and therefore that the demurrer was
properly overruled, and the judgment appealed from must be affirm-
ed, with costs.   All concur.