THE PEOPLE OF THE STATE OF NEW YORK ex rel. 342 EAST 57TH STREET CORPORATION, Appellant, Respondent, v. WILLIAM STANLEY MILLER and Others, as Commissioners of Taxes and Assessments of the City of New York, Respondents.

METROPOLITAN LIFE INSURANCE COMPANY, Admitted as a Party in the Above Proceedings, Respondent, Appellant.

First Department, June 18, 1941.

*Louis Russell* of counsel [*Monroe H. Collenburg* with him on the brief; *Hardin, Hess & Eder*, attorneys], for the relator.

*Anthony Curreri* of counsel [*Arthur A. Segall* with him on the brief; *William C. Chanler, Corporation Counsel*, attorney], for the defendants-respondents.

*Finis E. Montgomery* of counsel [*Tanner, Sillcocks & Friend*, attorneys], for the respondent-appellant.

MARTIN, P. J. This action involves the ownership of a tax refund. The relator-appellant was the owner of property 342 East Fifty-seventh street. The defendant-appellant was the holder of two mortgages on the property. For the purposes of this opinion, the relator-appellant will be referred to as the owner, and the defendant-appellant as the mortgagee.

On March 1, 1934, the owner was in default in payment of taxes for the year 1933, and on that day an installment of interest amounting to $16,335 became due and payable. In March, 1934, an agreement was entered into between the owner and the mortgagee whereby the owner agreed thereafter to pay to the mortgagee each month a sum equal to the net income of the property above normal operating expenses, and the mortgagee was to apply such sum at its option toward payment of the interest or the taxes and water rates, the mortgagee agreeing not to foreclose for the time being. This arrangement continued until February 6, 1936, when the mortgagee commenced an action to foreclose the mortgage and the owner executed an assignment of rents for the purpose of avoiding a receivership. On July 6, 1936, the owner conveyed the property to the mortgagee in lieu of foreclosure and for a consideration of $2,500. The foreclosure action was thereafter discontinued.

While the March, 1934, arrangement was in effect, out of the moneys received from the owner, the mortgagee paid all the taxes for 1933, 1934 and 1935, with the exception of a portion of the 1935 taxes. After the assignment of rents, the mortgagee paid the balance of the 1935 taxes.

The owner instituted this proceeding to review the tax assessments against the property for the years 1934 and 1935. The proceeding was settled by the city agreeing to refund the sum of $4,167.48, covering the years 1934 and 1935.

The owner contends that in paying the taxes for the years in question the mortgagee was the owner's agent and that the owner is entitled to the refund. The mortgagee contends that the payments made prior to the assignment of rents were payments out of its own money and for its own account and not as agent for the owner or out of moneys belonging to the owner; that by reason of the assignment of rents the mortgagee acquired legal title to the rents under the assignment of February 6, 1936, and that all of the taxes for 1934 and 1935 were paid by the mortgagee, and under the provisions of section 296 of the Tax Law, it is entitled to the refund as the person who paid the taxes.

The owner of property is entitled to the rents until there is a default under the mortgage; then the mortgagee has an equitable claim to the rents that are unpaid. (*Lofsky* v. *Maujer*, 3 Sandf. Ch. 69; *Rider* v. *Bagley*, 84 N. Y. 461, 465; *New York Life Ins. Co.* v. *Fulton Development Corporation*, 265 id. 348, 351.) When the March, 1934, arrangement was made, the owner was in default in payment of taxes and interest. Equitably, therefore, the mortgagee would be entitled to rents thereafter becoming due. The payments made by the owner to the mortgagee, however, were not earmarked as rents or net rents, but were moneys paid to the mortgagee which the latter was at liberty to apply at its option to interest arrears, taxes or water rates due and unpaid. The owner had no right to demand or insist that such moneys be applied to payments of taxes and the interest arrears were at all times more than sufficient to absorb the entire amount paid to the mortgagee under the agreement. If they had been so applied, there would have been nothing left to apply in payment of taxes. The payments made on account of taxes prior to February 6, 1936, must, therefore, in equity, be regarded as having been made with the moneys of the mortgagee and for its account and not as agent for the owner.

The owner did not have legal title to the rents collected under the assignment of rents. (*Womans Hospital* v. *67th Street Realty Co.*, 265 N. Y. 226.) The deed of July 6, 1936, terminated any right which the owner may have had to any surplus existing at the time when the assignee completed performance of its duty.

It is urged by the mortgagee that, in accepting the deed in lieu of foreclosure and paying consideration therefor, it believed and relied upon the fact that, as a matter of law, it was legally entitled to receive any refund made on account of the taxes paid by it. The

owner urges that the mortgagee knew of the pendency of the certiorari proceeding at the time of the delivery of the deed, but it took no steps to preserve to itself the right to the refund. What the situation would have been had the foreclosure proceeded to judgment and sale and to the application of the provisions of section 1083-a of the Civil Practice Act, undoubtedly entered into the consideration for the transfer. We can only speculate as to the effect thereof.

Under the principles of equity, the mortgagee is entitled to the entire refund of the taxes paid by it.

In so far as the order appealed from directed payment of part of the refund to the owner, it should be reversed, and in all other respects affirmed.

Dore, Cohn and Callahan, JJ., concur; Untermyer, J., dissents.

Untermyer, J. (dissenting). I do not agree that the rents received from the mortgagor by the Metropolitan Life Insurance Company became its absolute property either in law or in equity. They were paid to the Metropolitan as further security for the mortgage to be used at its option only for the payment of taxes or the interest on the mortgage, or both. For any surplus that remains after payment of the taxes and any arrears of interest the Metropolitan must account.

The owner who has paid excessive taxes is entitled to the refund even after he has parted with title to the property. (Tax Law, § 296.) The taxes on which the refund is now payable were paid by the Metropolitan, as mortgagee, with funds of the relator derived from the operation of property of which the relator was the owner. The relation of the parties and the special purpose for which the fund was held constituted the Metropolitan the agent of the owner in paying the taxes. (*Guaranty Trust Co.* v. *City of New York*, 108 App. Div. 192; *Ætna Ins. Co.* v. *Mayor*, 7 id. 145; affd., 153 N. Y. 331.) Subsequently, when the Metropolitan acquired the premises from the relator for $2,500, it expressly released the relator from all arrears of interest on the mortgage. Accordingly, there is no existing indebtedness to which the refund of taxes can be applied by the Metropolitan. It is true that the Metropolitan had the option to use the funds received from the relator either in payment of taxes or the interest then due on the mortgage, but it exercised that option by applying them to the payment of the taxes and thereafter released the relator from the payment of any arrears of interest. The situation then was the same as if the relator had paid in full both the interest and the excessive taxes and there had been a

subsequent refund. If the taxes had been paid on the reduced assessment, there would have been a surplus applicable to the arrears of interest then due which presumably would have increased the value of the relator's equity and might have resulted in the payment of a larger consideration for the property.

The order should be modified to the extent appealed from by the relator and affirmed on the appeal of the Metropolitan Life Insurance Company.

Order, in so far as it directed payment of part of the refund to the owner, reversed, and in all other respects affirmed. Settle order on notice.