THE PEOPLE OF THE STATE OF NEW YORK ex rel. ASHWOOD REALTY CORPORATION, Appellant, against JAMES J. SEXTON et al., as Commissioners of Taxes and Assessments of the City of New York, Defendants, and ALLIANCE REALTY COMPANY, Intervener, Respondent.

First Department, December 21, 1942.

*Israel Hoffman* of counsel (*Max Miller*, attorney), for relator-appellant.

*Israel Tilden* of counsel (*Richard G. Babbage* attorney), for intervener-respondent The Alliance Realty Company.

MARTIN, P. J. The appellant was the owner of property 400 East Fifty-eighth street. Respondent holds a second mortgage on the property. In February, 1933, the appellant (the owner) executed an assignment of rents of the property to the respondent, the second mortgagee. The same agents continued to manage the property and, out of the rents collected, paid the real estate taxes for the second half of 1932 and part of the taxes for the first half of 1933.

In January, 1934, the appellant (the owner) executed an assignment of rents of the property to the first mortgagee. The same agents continued to manage the property and out of the rents collected, thereafter paid the balance of the taxes for the first half of 1933 and all of the taxes for the second half of that year.

The second mortgagee commenced an action to foreclose its mortgage in May, 1934, and thereafter, in August, 1934, the

owner filed a petition for reorganization under section 77B of the Bankruptcy Act (48 U. S. Stat. 912) in the United States District Court. The second mortgagee filed proof of claim covering the principal and all arrears of interest. Under the plan of reorganization as carried out, all arrears of taxes were paid in full, the arrears of interest on the first mortgage were paid and the time of payment of principal was extended; the second mortgagee's claim totaling $199,997.26 for principal and interest was compromised by the second mortgagee's consenting to waive all interest unpaid and to reduce the principal to $50,000 and extend the time of payment thereof. The assignments of rents were cancelled and the property returned to the owner.

Meanwhile certiorari proceedings which had been instituted in 1933 were continuing and were consolidated in 1940 and thereafter the proceeding was compromised by a reduction of $100,000 from the assessment for 1932 and $75,000 from the assessment for 1933, resulting in a refund of part of the taxes which had been paid for the years 1932 and 1933.

The question here involved is the ownership of that refund in so far as it applied to taxes for the second half of the year 1932 and the entire year 1933, amounting in all to $3,350.94.

The first mortgagee disclaims any interest therein. The respondent second mortgagee contends that either the first mortgagee or the second mortgagee is entitled to this refund and the first mortgagee having made no claim therefor, it must be paid to the second mortgagee.

Reliance is placed on the holding of this court in *People ex rel. 342 East 57th Street Corp.* v. *Miller* (262 App. Div. 132, affd., 287 N. Y. 682). What was said in that case with reference to the right of the mortgagee to dispose of moneys collected under an assignment of rents would in no event benefit the second mortgagee while the assignment of rents to the first mortgagee was in effect. Furthermore, the position of the second mortgagee in the reorganization proceeding, claiming in full for all unpaid interest, precludes the second mortgagee from now claiming that moneys expended for taxes were its money which might have been applied to interest. As a result of the compromise in the reorganization proceeding, the second mortgagee was paid in full for every possible claim arising out of its second mortgage and the owner was revested with all the incidents of ownership free and clear of all arrears. The effect of the reorganization was recognized by the first mortgagee in disclaiming any interest in the refund. The second mortgagee is also excluded from any claim to the refund because of the

reorganization compromise. The appellant, therefore, is entitled to the refund.

The order appealed from should be reversed with twenty dollars costs and disbursements and the city is directed to pay to the appellant Ashwood Realty Corporation any and all refunds of taxes for the second half of the year 1932 and the whole of the year 1933.

TOWNLEY and GLENNON, JJ., concur with MARTIN, P. J.; UNTERMYER and DORE, JJ., dissent in part and vote to modify the order appealed from by directing that the amount of excess taxes paid by the first mortgagee under its assignment of rents be paid to the owner and the balance remaining be paid to the second mortgagee. In so far as such balance is concerned, there is no distinction in principle between the present case and *People ex rel. 342 East 57th Street Corp.* v. *Miller* (262 App. Div. 132, affd., 287 N. Y. 682) where the mortgagee on receipt of a deed to the mortgaged premises had released the owner from any further claims under the mortgage.

Order reversed, with twenty dollars costs and disbursements and the city is directed to pay to the appellant Ashwood Realty Corporation any and all refunds of taxes for the second half of the year 1932 and the whole of the year 1933.

Settle order on notice.