DAVID HENRY JONES, Respondent, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Appellant.

One K., being indebted to plaintiff in the sum of $400, executed to him an instrument which by its terms assigned to him that amount of certain claims against defendant, of which assignment defendant had notice. These claims were not then legally enforceable, but under the act of 1877 (Chap. 473, Laws of 1877), creating a commission to ascertain the amount of claims of this character, and making defendant liable for the sums awarded, an award was made upon said claims, out of which defendant retained sufficient to pay plaintiff's demand, but subsequently paid it over to K.'s executrix. *Held,* that an action to recover the amount of plaintiff's claim was maintainable; that the instrument operated as an equitable assignment, to the amount specified, of whatever sum might eventually be allowed by defendant upon the claims of K.; that the fact that there was no fund then in existence, or any claim which could then be enforced by action, did not prevent the instrument taking effect in case the city eventually recognized its liability and became bound to pay; and that the appropriation to pay the award could not be revoked to the prejudice of plaintiff.

(Submitted November 15, 1882; decided November 21, 1882.)

APPEAL from judgment of the Superior Court of the city of New York, entered upon an order made April 4, 1881, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury. (Reported below, 15 J. & S. 242.)

This action was brought by plaintiff, who claimed as assignee of one Knapp, to recover to the amount assigned, a claim against defendant.

Prior to February 21, 1874, Knapp had done work and furnished materials in fitting up an armory for the city; being indebted to plaintiff, he on that day executed an instrument which by its terms assigned to plaintiff $400 of his claims against defendant, which instrument plaintiff filed in the office of the comptroller of the city in December, 1874. Defendant contested Knapp's claims, but the same were presented to the commission created under and by the act chapter 473, Laws of 1877, who awarded thereon over $9,000. Defendant paid to the executrix of Knapp all of the award except $2,500, which was reserved to meet plaintiff's claim and another. The latter was paid by defendant, but the sum reserved to pay plaintiff's claim was subsequently paid over to Knapp's executrix.

*William C. Whitney* for appellant. The instrument of assignment could have created no lien, as an existing fund was necessary to have done so. (*Atty.-Gen.* v. *Continental,* 71 N. Y. 325.)

*Frankenheimer & Rosenblatt* for respondent. The instrument executed by Stephen H. Knapp, and filed with the comptroller, operated as an equitable assignment to the extent of $400, of whatever sums might eventually be paid to Knapp or his representatives on account of his claims for fitting up armories and drill-rooms. (2 Story's Eq., § 1047; *Munger* v. *Shannon,* 61 N. Y. 251; *Field* v. *Mayor. etc.,* 6 id. 179; *Parker* v. *City of Syracuse,* 31 id. 376; *Hall* v. *City of Buffalo,* 1 Keyes, 93; *Morton* v. *Naylor,* 1 Hill, 583.) It is no defense that payment *of* these "claims" could not be enforced at the time of the assignment. (*Field* v. *Mayor,* 2 Seld. 179, 186; *Hall* v. *City of Buffalo,* 1 Keyes, 193; *Stover* v. *Eyclesheimer,* 3 id. 620; *Mitchell* v. *Winslow,* 2 Story, 630; *McCaffrey* v. *Woodin,* 65 N. Y. 459; *Holroyd* v. *Marshall,* 10 H. of L. Cas. 191; *Williams* v. *Winsor,* 17 Alb. L. J. 359; *Wyatt* v. *Watkins,* 16 id. 205; *Williams* v. *Briggs,* id. 387; *Laning* v. *Tompkins,* 45 Barb. 308.) The award to Jane Knapp, executrix, under the statute (Chap. 473,

Laws of 1877, p. 552) cannot be construed as a gift or gratuity to her. (*Munsell* v. *Lewis*, 2 Denio, 224; *Bk. of Auburn* v. *Roberts*, 44 N. Y. 192; *Spears* v. *Mayor et al.*, 10 Hun, 160; 87 N. Y. 359.) Plaintiff's equities against the moneys awarded to the Knapp estate could not be cut off by any proceedings under the act to which he was not a party. (*N. Y. C. R. R. Co.* v. *Van Horn*, 57 N. Y. 473; *Embury* v. *Connor*, 3 id. 511; *Taylor* v. *Porter*, 4 Hill, 180; *Matter of Albany St.*, 11 Wend. 148.) The filing of the assignment with the comptroller was notice to the defendant of plaintiff's lien, and bound the funds payable under the award without any formal acceptance. (*Field* v. *Mayor*, 2 Seld. 179; *Hall* v. *City of Buffalo*, 1 Keyes, 193; *Parker* v. *City of Syracuse*, 31 N. Y. 376; *Morton* v. *Naylor*, 1 Hill, 583; *People, ex rel. Dannat*, v. *Comptroller*, 77 N. Y. 45.) It is no defense that the award directed the payment of the whole amount to Knapp's legal representative. (*Dannat* v. *Comptroller*, 77 N. Y. 45; *Hall* v. *City of Buffalo*, 1 Keyes, 193, 201.) The defendant is estopped from setting up the payment of the whole award to the Knapp estate. (*Continental Nat. Bk.* v. *Bk. of Com.*, 50 N. Y. 575; *Phelps* v. *People*, 72 id. 372; *Knight* v. *Wiffen*, L. R., 5 Q. B. 660; *Moore* v. *Mayor*, 73 N. Y. 238; *Curnen* v. *Mayor*, 79 id. 311; *Weismer* v. *Village of Douglas*, 64 id. 91.)

ANDREWS, Ch. J. The defendant had notice of the instrument of February 21, 1874, executed by Knapp to the plaintiff as early as December, 1874, when it was filed in the office of the comptroller. The claims of Knapp were not legally enforceable, for the reason that the board of supervisors had no authority to make the contract for fitting up the armory, as was decided in *Ford* v. *The Mayor, etc.* (63 N. Y. 640). But the claim was for labor and materials actually furnished, and the legislature by chapter 473, Laws of 1877, constituted a tribunal to ascertain the amount of claims of this character, and the city was made liable to pay the sums which should be awarded by the commission appointed by the act. The legis-

lature recognized the moral obligation of the city to pay the amounts justly due to claimants, and imposed a legal obligation corresponding therewith.    The instrument of February 21, 1874, operated as an equitable assignment to the plaintiff to the extent of $400, of whatever sum might eventually be allowed by the city upon the claim of Knapp.    The fact that there was no fund then in existence, or any claim which could then be enforced by action, did not prevent the instrument taking effect as an equitable assignment, in case the city should subsequently voluntarily recognize its liability, or become bound to pay the claim.    (*Field* v. *The Mayor*, *etc.*, 6 N. Y. 179; *Mitchell* v. *Winslow*, 2 Sto. 630.)  The award under the act of 1873, was made to the executrix of Knapp, he having died before it was made, but the city retained out of the award a sum sufficient to pay the plaintiff, and the evidence justifies the inference that it was so retained for this express purpose, with the consent of the executrix.    This appropriation could not thereafter be revoked to the prejudice of the plaintiff.  The equities in this case are very clearly with the plaintiff, and for the reasons here stated, as well as those set forth in the opinion of SEDGWICK, Ch. J., we think the judgment should be affirmed.

All concur.

Judgment affirmed.