Nellie T. McAvoy, as Executrix, etc., of Francis S. McAvoy, Deceased, Respondent, *v.* Sidney C. Schramme and Others, Appellants, Impleaded with Inwood Land & Improvement Company, Inc., Defendant.

First Department, March 4, 1927.

Liens — equitable lien — one of individual defendants was stockholder in corporation defendant — said corporation held tract of land in New York city — said defendant made contract with plaintiff's testator to pay testator twenty-five per cent of whatever might be realized on defendants' holdings — city of New York, partly as result of testator's efforts, took property for park — present action is to impress lien on awards — agreement does not give definite lien — plaintiff has no equitable lien — plaintiff's remedy, if any, is at law to recover under contract.

This is an action to enforce an alleged equitable lien upon awards made to the defendant corporation for land taken by the city of New York. Plaintiff's testator entered into an agreement with one of the individual defendants to help him to realize on shares of stock held by said defendant in the defendant corporation for which testator was to be paid twenty-five per cent of amount

realized. The defendant corporation owned the land which was subsequently taken by the city of New York for park purposes, partly at least, through the efforts of plaintiff's testator. Plaintiff contends that the individual defendants are endeavoring to cheat and defraud her out of the commission due her testator. The contract does not give a definite lien upon any money but merely provides that the individual defendant will pay twenty-five per cent of the amount realized upon his holdings. The agreement does not constitute an equitable assignment, for it contains no direction to pay and no application of funds *pro tanto*.

Accordingly, the plaintiff cannot have judgment impressing a lien on the award to be made to the corporation and restraining the payment of the moneys to the corporation.

If the plaintiff has any rights they must be enforced in an action at law to recover on a contract for services rendered.

APPEAL by the defendants, Sidney C. Schramme and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 25th day of May, 1926, denying their motion, made under rule 106 of the Rules of Civil Practice, for judgment dismissing the complaint on the ground that as to them it fails to state facts sufficient to constitute a cause of action.

*Louis L. Archer* of counsel [*Elon S. Hobbs*, attorney], for the appellants.

*Charles L. Craig*, for the respondent.

MARTIN, J. In this action to enforce an alleged lien, the complaint sets forth that the defendant Inwood Land & Improvement Company, Inc., was organized on or about May 12, 1891, for the purpose of dealing in real estate with a capital stock of $30,000 divided into 1,500 shares of the par value of $20; that the defendant Sidney C. Schramme was the owner of 550 shares of the stock of that corporation; that for many years it had owned a tract of unimproved land in the Inwood Hill section of the borough of Manhattan, the only asset of the corporation, and that on February 9, 1917, the defendant Sidney C. Schramme entered into the following agreement with plaintiff's testator:

" WHEREAS, Sidney C. Schramme, residing at Spuyten Duyvil, New York, and having his place of business at No. 277 Broadway, New York City, is the holder of approximately thirty-five (35) per cent of the stock of the Inwood Land and Improvement Company, which Company owns a tract of land shown on the attached map, which is signed by the parties hereto for the purpose of identification, the balance of said stock being owned by Ladenberg, Talman & Co., and Whereas the said Sidney C. Schramme is desirous of realizing on his said holdings,

" *Now therefore*, it is agreed as follows:

" I. The said Sidney C. Schramme hereby retains Francis S. McAvoy as his exclusive attorney to represent him and arrange, if possible, to realize in whole or in part on his holdings, and the said Francis S. McAvoy agrees to use his best endeavors to assist in realizing upon such holdings, which is to be accomplished by way of sale, mortgage or exchange, or in any other manner approved by said Sidney C. Schramme.

" II. The said Francis S. McAvoy for his services is to receive in cash twenty-five per cent of whatever is realized by the said Sidney C. Schramme out of such holdings, whether the same be by way of sale, mortgage, hypothecation, exchange or in any other manner.

" *In Witness Whereof*, the parties hereto have hereto set their hands and seals this 9th day of February, in the year nineteen hundred and seventeen.

                          " S. C. SCHRAMME
                          " FRANCIS S. McAVOY."

It is then set forth that the plaintiff's testator entered upon the performance of the agreement with the approval of Sidney C. Schramme and caused an application to be made to the board of estimate and apportionment of the city of New York for the acquisition of the land of defendant Inwood Land & Improvement Company, Inc., by the city of New York for park purposes; that thereafter various proceedings were taken before the board of estimate and apportionment on such application, which proceedings extended over a period of several years and in the course of which the services of the plaintiff's testator in and about such matter were constantly devoted to the performance of the agreement and were directed toward procuring action, on the part of the board of estimate and apportionment and the municipal authorities of the city of New York, favorable to the application; that such services were continued in the effort to have the board of estimate and apportionment take final action on the application until vesting title to such property in the city of New York for park purposes; and that thereafter proper proceedings were taken to secure title and the property duly vested in the city of New York.

The complaint then alleges that thereafter in or about the month of May, 1923, the officers, directors and stockholders of the defendant Inwood Land & Improvement Company, Inc., authorized an increase of the capital stock of the corporation to the extent of $50,000 by issuing 2,500 shares of stock of the par value of $20 per share; that pursuant to such agreement, the defendant Sidney C. Schramme was entitled to subscribe for and receive his proportionate share of the new issue, upon paying therefor; that the defendant

Sidney C. Schramme caused and procured the proportionate share of the issue of such stock to be subscribed for and taken in the name of the defendant John Schramme, a brother of the defendant Sidney C. Schramme, upon the understanding and agreement, however, that the shares so subscribed for and taken by John Schramme were to be held for the account and benefit of the defendant Sidney C. Schramme, subject only to the payment of the subscription price thereof to defendant John Schramme; that said arrangement was entered into between the defendants Sidney C. Schramme and John Schramme with full knowledge and notice of the agreement between the plaintiff's testator and defendant Sidney C. Schramme; that thereafter the defendant Frederick M. Schramme caused and procured the stock to be assigned and transferred to defendant Frederick M. Schramme, who was the son of defendant Sidney C. Schramme, upon the understanding and agreement, however, that such stock should be held by him for the account and benefit of the defendant Sidney C. Schramme, and subject only to the obligation to reimburse defendant John Schramme for the moneys theretofore advanced by him for the account and benefit of defendant Sidney C. Schramme in relation thereto; and that this arrangement was entered into by said defendants with full knowledge and notice of the agreement between the plaintiff's testator and defendant Sidney C. Schramme.

The plaintiff says that this agreement was made for the purpose of cheating and defrauding the plaintiff's testator and that the defendant Sidney C. Schramme attempted to repudiate the obligation entered into by him in the agreement and set forth in paragraph V of the complaint; that the Inwood Land & Improvement Company, Inc., filed a claim in the condemnation proceedings and is prosecuting said claim, and unless restrained by the court, will receive payment of awards to be made for such property and cause the same to be distributed to the stockholders of the corporation, including defendants Sidney C. Schramme, Frederick M. Schramme and John Schramme.

The prayer for judgment demands that the award or awards to be made to defendant Inwood Land & Improvement Company, Inc., in the proceeding for acquiring of title to Inwood Hill Park, for so much of the real property as was taken from said defendant, *be impressed with a lien in favor of the plaintiff* to the extent of twenty-five per cent of whatever sum or sums the defendants Sidney C. Schramme, Frederick M. Schramme and John Schramme may be lawfully entitled to claim or receive, from and out of the award or awards, to be made in accordance with stock ownership and interest of defendants Sidney C. Schramme, Frederick M.

Schramme and John Schramme in the defendant Inwood Land & Improvement Company, Inc., and that the shares of stock and other interest of said defendants Schramme in the defendant Inwood Land & Improvement Company, Inc., in whatever form or name the same be held, be impressed with a lien in favor of plaintiff to the like extent; that the amount of any indebtedness of the defendant Inwood Land & Improvement Company, Inc., to which the share or interest therein of the defendants Sidney C. Schramme, Frederick M. Schramme and John Schramme may be subject be ascertained and determined; that these defendants execute and deliver to the plaintiff, in proper form, *an assignment of twenty-five per cent* of the shares of stock and other interest of them and each of them in the defendant Inwood Land & Improvement Company, Inc., and that the last named defendant, upon the presentation of such assignment, transfer upon the books of said corporation, to this plaintiff, such shares of stock or other interest; that the plaintiff is entitled to demand and receive payment of said sum or sums so impressed with a lien; that the plaintiff be permitted to intervene in the proceeding for acquiring title to said Inwood Hill Park as a party claimant, in relation to the property to be taken from the Inwood Land & Improvement Company, Inc.; that said defendant be enjoined and restrained, pending the trial of this action, from assigning, transferring or incumbering the awards or any of them, and that the defendants Sidney C. Schramme, Frederick M. Schramme and John Schramme be enjoined and restrained *pendente lite* and in the final judgment from assigning, transferring or incumbering the shares of stock or interest of the said defendants Schramme in the defendant Inwood Land & Improvement Company, Inc., or the right of them or either of them to share in the distribution of the award or awards so to be made in the proceeding to acquire title; and that the plaintiff have such other and further relief as to the court may seem just and proper.

The contention of plaintiff's attorney is stated briefly as follows: " The action is brought to establish and enforce an equitable lien."

For the rights of the plaintiff we look to the agreement, set forth above.

It will be noted that the agreement does not give a definite lien upon any money. It provides that plaintiff's testator shall receive in cash twenty-five per cent of the amount realized upon the holdings of Sidney C. Schramme by way of (1) sale, (2) mortgage, (3) hypothecation, (4) exchange, (5) or in any other manner *approved* by said Sidney C. Schramme.

The lien which the plaintiff seeks to assert is against the moneys due or to grow due the corporation, and this action seeks to restrain the payment of these moneys to the corporation.

Irrespective of any dealings between the plaintiff and defendants Schramme, payment must be made to the corporation first and then, if there are no creditors, the moneys may be, in case there is a liquidation of the affairs of the corporation, paid to those holding the stock in their *pro rata* shares.

It is urged for appellant that elements requisite for an equitable lien are absent. It is apparent that this paper which is said to constitute an equitable assignment contains no direction to pay and no application of funds *pro tanto*. It does nothing more than provide that a person who may some day be entitled to a sum of money or other property has agreed to pay twenty-five per cent of the money, or twenty-five per cent of any sum realized on the property, under certain circumstances, to the other party to the contract. It does not assign any fund and cannot be enforced as an equitable assignment.

In *Hinkle Iron Co.* v. *Kohn* (229 N. Y. 179, 183) it was said that the test of an equitable assignment is whether or not the assignment makes an appropriation of the fund so that the debtor would be justified in paying the debt or the assigned part to the person claiming to be an assignee. (*Fairbanks* v. *Sargent*, 117 N. Y. 320; *Williams* v. *Ingersoll*, 89 id. 508; *Jones* v. *Mayor, etc., of New York*, 90 id. 387; *Lowery* v. *Steward*, 25 id. 239; *Holmes* v. *Evans*, 129 id. 140.)

In *Williams* v. *Ingersoll* (89 N. Y. 508) the court said (at p. 518): " Nor can the plaintiffs base their claim to an equitable lien upon the award upon the mere promise of Heath that they should be paid out of any money that should be recovered in any of the actions or proceedings. Whatever the law may be elsewhere, it must be regarded as the settled law of this State that an agreement, either by parol or in writing, to pay a debt out of a designated fund does not give an equitable lien upon the fund, or operate as an equitable assignment thereof. It was so decided in *Rogers* v. *Hosack's Executors* (18 Wend. 319). That case was followed, and the same rule laid down, in *Christmas* v. *Russell* (14 Wall. 69), and *Trist* v. *Child* (21 id. 441)."

In *Holmes* v. *Bell* (139 App. Div. 455, 462) the court said: " No lien is given to counsel. It is confined to attorneys who have appeared. (*Brown* v. *Mayor*, 9 Hun, 587.) If no attorney's lien is stated, there is no other kind of a lien set up by the allegations of the complaint. There was no equitable assignment."

39

The sole claim to a lien is to an equitable lien; the attorney for plaintiff says he does not contend that his client has an attorney's lien.

It would seem that if plaintiff has any rights they must be enforced in an action at law to recover on the contract for services rendered.

The agreement is not sufficiently comprehensive to sustain an equitable lien and the order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion to dismiss the complaint granted, with ten dollars costs.

DOWLING, P. J., MERRELL, O'MALLEY and PROSKAUER, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.