NELLIE T. McAVOY, as Executrix of FRANCIS S. McAVOY, Deceased, Appellant, *v.* SIDNEY C. SCHRAMME et al., Respondents, Impleaded with Others.

*Attorney and client — contract — services — provision for payment in cash inconsistent with alleged intent to make equitable assignment.*

A provision of a contract for services of an attorney that payment shall be in cash, though the property received by the client may be something else, is inconsistent with an intention to make an equitable assignment.

*McAvoy* v. *Schramme*, 219 App. Div. 604, affirmed.

(Argued May 10, 1927; decided May 20, 1927.)

APPEAL from a judgment entered March 14, 1927, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which reversed an order of Special Term denying a motion for a dismissal of the complaint and granted said motion.　The action was to establish and enforce an equitable lien.　The complaint alleged that one of the defendants, respondents,

being the owner of certain shares of stock of a land improvement corporation, employed plaintiff's testator, an attorney, to arrange for realization thereof; that testator entered upon the performance of his obligations and rendered services in connection with the acquisition of land belonging to the corporation for public purposes, for which an award is about to be made and demanded judgment impressing a lien in favor of plaintiff upon said award and upon the shares of stock. The contract of employment read in part as follows: " The said Francis S. McAvoy for his services is to receive in cash twenty-five per cent of whatever is realized by the said Sidney C. Schramme out of such holdings, whether the same be by way of sale, mortgage, hypothecation, exchange or in any other manner."

*Charles L. Craig* for appellant.

*Louis L. Archer* and *Elon S. Hobbs* for respondents.

*Per Curiam.* The provision of the contract that payment to the attorney shall be made in cash, though the property received by the client may be something other than cash, is inconsistent with an intention to make an equitable assignment.

The judgment should be affirmed with costs.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment affirmed, etc.