MONICA REALTY CORPORATION, Respondent, *v.* ONE TWENTY-TWO FIFTH AVENUE CORPORATION et al., Defendants, and MANUFACTURERS TRUST COMPANY, as Trustee, Appellant.

(Submitted February 27, 1934; decided March 6, 1934.)

*David Barnett* for appellant. The agreement is enforceable even if there was no actual assignment of rents. (*Harris* v. *Taylor*, 35 App. Div. 462; 159 N. Y. 533. *Bradley & Currier Co.* v. *Hofmann,* 70 App. Div. 77.; The Statute of Frauds does not apply to plaintiff's agreement. (*Harris* v. *Taylor,* 35 App. Div. 462; 159 N. Y. 533; *Conley* v. *Fine,* 181 App. Div. 675: *Hammerstein* v. *Equitable Trust Co.,* 156 App. Div. 644; 209 N. Y. 429; *Sprague* v. *Cochran,* 144 N. Y. 104; *National Bank of Deposit* v. *Rogers,* 166 N. Y. 380; *Schermerhorn* v. *Gardenier,* 107 App. Div. 564; 184 N. Y. 612.)

*Alexander Pfeiffer* and *Joseph Lotterman* for respondent. A junior mortgagee who procures the appointment of a receiver for his own benefit in an action brought to foreclose his mortgage, is entitled to the rents and proceeds collected by the receiver down to the time of the entry of an order extending the receivership to the foreclosure action of a prior mortgagee. (*Sullivan* v. *Rosson,* 223 N. Y. 217; *Ranney* v. *Peyser,* 83 N. Y. 1; *Kroehle* v. *Ravitch,* 148 App. Div. 54; *Madison Trust Co.* v. *Axt,* 146 App. Div. 121; *Abrahams* v. *Berkowitz,* 146 App. Div. 563.) The alleged oral arrangement violates the provisions of the Statute of Frauds. (*Payn* v. *Beal,* 4 Den. 405; *State* v. *Royal Mineral Assn.,* 132 Minn. 232; *King* v. *Kaiser,* 3 Misc. Rep. 523.)

Pound, Ch. J. On June 3, 1929, premises known as One Twenty-two Fifth avenue, Manhattan, were subject to three mortgages — the first one to the Manufacturers Trust Company as trustee, in the sum of $1,000,000; the second one to the plaintiff herein, for the sum of $335,000; and the third one to an individual, in the sum of $20,377. On that day this action was commenced to foreclose the second mortgage. A receiver of the rents was appointed by the court, and the question here, arising upon the accounting of the receiver, relates to the ownership of the balance of the fund in the receiver's

hands. As against the second mortgagee, the plaintiff herein at whose instance the receiver was appointed and who would normally be entitled to the fund, claim was made both by the first mortgagee and by the third mortgagee.

The decision of the courts below was in favor of the second mortgagee. The claim of the third mortgagee is not involved in this application. We have simply to consider the issue as between the first and second mortgagees.

One Sharum controlled both the plaintiff corporation which held the second mortgage and the defendant One Twenty-two Fifth Avenue Corporation which owned the fee and which gave both mortgages. Defaults had occurred with respect to the first mortgage as far back as 1927 so that at all times since then the trustee under the first mortgage had the right to foreclose and thereby wipe out the subordinate mortgages as well as the equity of Sharum's owner corporation. In view of that situation, an arrangement was made between Sharum and the parties interested under the first mortgage, whereby an agent was to collect the rents and apply the net income on account of the defaults under the first mortgage. There was a time when the third mortgagee threatened to foreclose and obtain the appointment of a receiver for his benefit. When Sharum informed the first mortgagee of that threat, the first mortgagee was disposed to begin foreclosure of its lien and request a receiver itself. Out of that situation an oral arrangement between Sharum, that is between the owner and the second mortgagee on the one hand and the first mortgagee on the other, was arrived at, whereby the second mortgagee was to foreclose, a receiver to be appointed, and the net income applied by the receiver on account of the first mortgage. In other words, that the then existing arrangement for the application of the income should be continued while the second mortgage was

being foreclosed. Despite this agreement, which seems to have been proved by undisputed evidence, it has been held that Sharum or his corporation is entitled to the balance of the receivership fund. The referee's opinion states the reason for that conclusion in substance as follows: " In *Sullivan* v. *Rosson* (223 N. Y. 217) it was said: ' Apart from a special agreement or of circumstances affecting the rights and equities of the parties, a junior mortgagee may through a receiver obtain the rents and profits of mortgaged real property. A senior mortgagee desiring to obtain such rents to apply upon his mortgage should actually possess himself of them or of the right to them through some mutual arrangement therefor, or he should make application to the court to have the receivership extended for his benefit."

The referee found no special agreement, *i. e.,* no actual assignment of rents. and no estoppel. He ignored circumstances affecting the equities of the parties. The opinion in *Sullivan* v. *Rosson* as quoted *supra* very properly states what the senior mortgagee should do to obtain beyond peradventure the application of the rents upon his mortgage. It does not follow that the counsel of perfection therein contained, by a process of elimination, amounts to a determination that such are the only cases in which the senior mortgagee may become entitled to the rents.

If the senior mortgagee permits the junior mortgagee to go ahead with foreclosure proceedings, provided that the receiver in that action be instructed, after payment of operating expenses of the building, to turn over the balance of his collections to the senior mortgagee and actually forbears to begin a foreclosure action or to seek to have the receivership extended to cover the first mortgage, good faith requires that such an understanding should be upheld.

*Sullivan* v. *Rosson* (*supra*) decided only that the usual assignment of rents clause contained in a mortgage is

not in itself sufficient to entitle a senior mortgagee to rents collected by a receiver appointed through the diligence of a junior mortgagee. In this case the representatives of the first mortgage certificate holder had been collecting the net rents for over a year prior to the receivership and would have continued to do so if no receiver had been appointed. They gave up their clear right to bring foreclosure because a special understanding was arrived at whereby they should continue to receive the net income.

That the rents were not an interest in real property or the arrangement relied upon by the appellant a sale of goods so as to come within the Statute of Frauds is too plain for discussion. The arrangement involved the disposition of the net proceeds of the receivership, which are neither real property nor goods.

When the rights and equities of .the first mortgage certificate holders in the net proceeds of the receivership herein are established without dispute, such holders should not be required to give up the prior rights to such rents and sacrifice their security.

Equity should direct the receiver to apply the balance in his hands for the benefit of the first mortgage certificate holders.

The orders should be reversed and order granted in accordance with this opinion, with costs in all courts.

CRANE, LEHMAN, O'BRIEN, HUBBS and CROUCH, JJ., concur; KELLOGG, J., not sitting.

Ordered accordingly.