JAMES C. CLEARY, Respondent, *v.* EDWARD C. FOGG, Defendant, Impleaded with ROOSEVELT HOTEL, INC., Appellant.

First Department, May 31, 1935.

*L. Laurence Liss* of counsel [*William J. Cullen* with him on the brief; *Loucks & Cullen*, attorneys], for the appellant.

*James C. Cleary*, respondent in person.

GLENNON, J. This action was commenced in equity by plaintiff, an attorney, to recover compensation for services rendered. The defendant Fogg is designated as the real party in interest, whereas, according to respondent, the Roosevelt Hotel, Inc., is the " stakeholder " of " the fund and the security out of which, and only out of which, the attorney's fee is payable under a partly oral and partly written agreement between the attorney and the client."

It would serve no useful purpose to recite in detail the several allegations which are contained in the voluminous complaint which covers twenty-three pages of the printed record, but in which the plaintiff has failed to indicate that he has a cause of action against the appellant, Roosevelt Hotel, Inc.

The theory upon which the respondent seeks to hold the appellant is, that an equitable assignment was created pursuant to the provisions of his agreement with the defendant Fogg. The truth of the situation is, that no equitable assignment existed in fact.

In *Hinkle Iron Co.* v. *Kohn* (229 N. Y. 179) Judge Collin said: " The test of an equitable assignment is the inquiry whether or not an assignment makes an appropriation of the fund so that the debtor would be justified in paying the debt or the assigned part to the person claiming to be the assignee. (*Fairbanks* v. *Sargent*, 117 N. Y. 320; *Williams* v. *Ingersoll*, 89 N. Y. 508; *Jones* v. *Mayor*, *etc., of New York*, 90 N. Y. 387; *Lowery* v. *Steward*, 25 N. Y. 239; *Holmes* v. *Evans*, 129 N. Y. 140.) "

The so-called assignment here does not satisfy the test since there was no appropriation of a fund and the appellant would not be justified in paying the debt.

We find no basic distinction between the facts pleaded in this case and those in that of *McAvoy* v. *Schramme* (219 App. Div. 604; affd., 245 N. Y. 575). There Judge Martin said: " It is urged for appellant that elements requisite for an equitable lien are absent. It is apparent that this paper which is said to constitute an equitable assignment contains no direction to pay and no application of funds *pro tanto*. It does nothing more than provide that a person who may some day be entitled to a sum of money or other property has agreed to pay twenty-five per cent of the money, or twenty-five per cent of any sum realized on the property, under certain circumstances, to the other party to the contract. It does not assign any fund and cannot be enforced as an equitable assignment."

In its affirmance of *McAvoy* v. *Schramme* (*supra*) the Court of Appeals wrote a *per curiam* opinion in which it stated: " The provision of the contract that payment to the attorney shall be made in cash, though the property received by the client may be something other than cash, is inconsistent with an intention to make an equitable assignment."

It might be noted in this case that it is claimed by respondent that his fee would be " payable out of such funds or other benefits " which included rooms, board, valet and laundry services. It is quite apparent, therefore, if more were needed, that there was no intention on the part of defendant Fogg to make an equitable assignment.

The order should be reversed, with twenty dollars costs and disbursements, and the complaint dismissed as against the defendant Roosevelt Hotel, Inc.

Martin, P. J., McAvoy, O'Malley and Townley, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion granted.