JOHN W. BECKER, Appellant, *v.* NEW PENN DEVELOPMENT CORPORATION, Respondent.

Argued January 3, 1951; decided March 8, 1951.

*George J. Skivington* for appellant. I. A mortgagee of chattels after default has a right to maintain an action for conversion against a purchaser of the mortgagor with notice of the mortgage and notice of the default. (*Barrett Mfg. Co.* v. *Van Ronk,* 212 N. Y. 90; *Harrison* v. *Hall,* 239 N. Y. 51; *Rodack* v. *New Moon Theatre,* 121 Misc. 63; *Manchester* v. *Tibbetts,* 121 N. Y. 219; *Moore* v. *Prentiss Tool & Supply Co.,* 133 N. Y. 144; *Gibson* v. *Warden,* 14 Wall. [U. S.] 244; *Whitt* v. *Kentucky Oil Products Co.,* 223 Ky. 348; *Leadbetter* v. *Leadbetter* [*Ltd.*], 125 N. Y. 290.) II. A mortgagee after default may maintain an action against a purchaser of the mortgagor, with notice of the mortgage and of the default, to recover the unpaid purchase money in his hands. (*Butt* v. *Ellett,* 19 Wall. [U. S.] 544; *Farmers Co-op.* v. *Lorimor State Bank,* 214 N. W. 491 [Iowa];

*Smith* v. *Shellabarger,* 291 F. 144; *Peoples Nat. Bank* v. *Myers,* 65 Kan. 122; *Welsh* v. *Spivak,* 272 App. Div. 845; *Haxton & Son* v. *Rich,* 267 App. Div. 492; *Whitt* v. *Kentucky Oil Products Co.,* 223 Ky. 348; *Western Oil Ref. Co.* v. *Venago Oil Corp.,* 24 P. 2d 971 [Cal.]; *Matter of Lathrap,* 61 F. 2d 37.) III. A mortgagee after default may maintain an action against the purchaser for money in his hands received by him from his resale of the mortgaged chattels, where such purchaser has resold the chattels with knowledge of the mortgage and after default. (*Moore* v. *Prentiss Tool & Supply Co.,* 133 N. Y. 144; *Manchester* v. *Tibbetts,* 121 N. Y. 219; *Farmers Co-op.* v. *Lorimor State Bank,* 214 N. W. 491 [Iowa]; *Smith* v. *Shellabarger,* 291 F. 144; *Peoples Nat. Bank* v. *Myers,* 65 Kan. 122; *Butt* v. *Ellett,* 19 Wall. [U. S.] 544.) IV. A mortgagee of chattels after default does not have to foreclose his mortgage and cut off the mortgagor's equity of redemption before he can maintain an action for conversion, or, for injury to the property, or, for its possession, or, for any cause of action which must have for its basis the legal title or ownership in the plaintiff. (*Harrison* v. *Hall,* 239 N. Y. 51; *Rodack* v. *New Moon Theatre,* 121 Misc. 63; *Manchester* v. *Tibbetts,* 121 N. Y. 219; *Moore* v. *Prentiss Tool & Supply Co.,* 133 N. Y. 144; *Waters* v. *Cass Co. Bank,* 65 Iowa 234; *Farmers Co-op.* v. *Lorimor State Bank,* 214 N. W. 491 [Iowa]; *Sprague* v. *Glynn,* 136 Misc. 163; *Whitmore* v. *Fisher,* 132 Ill. 243.) V. The royalty secured was a covenant running with the land; it was incumbent on the subsequent assignee to discharge the covenant so long as it enjoyed the estate. (*Willetts* v. *Reid,* 5 N. Y. St. Rep. 175; *Bellows Falls Trust Co.* v. *Am. Mineral Pro. Co.,* 89 N. H. 551; *Bedford* v. *Terhune,* 30 N. Y. 453; *Washington Nat. Gas Co.* v. *Johnson,* 123 Pa. 576; *Indiana Nat. Gas Co.* v. *Hinton,* 159 Ind. 398; *Van Rensselaer* v. *Bonesteel,* 24 Barb. 365; *Bradford Oil Co.* v. *Blair,* 113 Pa. 83; *Wells* v. *Mfg. Co.,* 130 Pa. 222; *Stone* v. *Marshall Oil Co.,* 188 Pa. 602; *Col. Gas & Fuel Co.* v. *Knox Co., O. & G. Co.,* 91 Ohio St. 38; *Kribbs* v. *Alford,* 120 N. Y. 519.)

*Francis Currie* for respondent. I. Plaintiff's chattel mortgage is absolutely void as against defendant under section 230 of the Lien Law. (*Becker* v. *New Penn Development Corp.,* 269 App. Div. 395; *Hamill* v. *Gillespie,* 48 N. Y. 556; *Schwartz* v.

*Cahill,* 220 N. Y. 174.) II. Since the chattel mortgage is not binding on defendant, there is no other basis on which plaintiff can recover. (*Goldstein* v. *Hunter,* 257 N. Y. 401; *Holt* v. *Fleischman,* 75 App. Div. 593; *Bedford* v. *Terhune,* 30 N. Y. 453.) III. Plaintiff cannot recover as an assignee from Atwater. (*Thompson* v. *Gimbel Bros.,* 71 Misc. 126, 145 App. Div. 436, 207 N. Y. 659; *Jules-Wallace & Co.* v. *R. A. Management, Inc.,* 148 Misc. 180.)

*Per Curiam.* We are all agreed that defendant's rights under its absolute assignment from Atwater were prior to those of plaintiff under his mortgage on part of the leasehold, since defendant took its assignment without notice of said mortgage, which was never properly recorded. Inasmuch as defendant paid Atwater the full consideration of $5,000 for said absolute assignment, its rights as a bona fide purchaser for value and without notice were fully crystallized long before plaintiff's notice of August 12, 1937. The additional one and one-half cents for each thousand cubic feet, if natural gas were produced and marketed, and which defendant was obligated to pay Atwater, arose out of a separate agreement between them involving their respective additional obligations relating to the development and operation of the property following the assignment.

Actions in equity, such as *Macauley* v. *Smith* (132 N. Y. 524 [1892]), and *Fisk* v. *Potter* (2 Keyes 64 [1865]), where plaintiff sought to reach his security through the property itself, are not apposite here. Under the circumstances disclosed by this record, plaintiff may not recover directly from defendant in this action at law, in which Atwater is not a party, upon his (plaintiff's) mortgage, which defendant neither signed nor assumed (see *People ex rel. Balbrook Realty Corp.* v. *Mills,* 295 N. Y. 190, 194). Moreover, inasmuch as defendant's production of gas here was in a well already opened in August, 1937, and was incidental to the utilization of the land in the manner in which it was expected to be used, waste in the legal sense may not be ascribed to defendant (5 Tiffany on Real Property, § 1428; 1 Reeves on Real Property, § 555, p. 781; 2 Thompson on Real Property, § 825).

The judgment should be affirmed, with costs.

DESMOND, J. (dissenting). Plaintiff's mortgage on this oil and gas lease was a valid one, executed and delivered before the assignment of the same lease to defendant. However, since defendant took its assignment without notice or knowledge of plaintiff's said mortgage and before that mortgage was recorded, defendant's rights were prior to those of plaintiff. But that priority was only as to so much of the consideration running from defendant, for the assignment, as was paid by defendant before it had actual notice of plaintiff's mortgage (*Fisk* v. *Potter*, 2 Keyes 64, 74; *Macauley* v. *Smith*, 132 N. Y. 524, 532, and cases cited; 1 Jones on Chattel Mortgages and Conditional Sales, § 313). It appears that practically all the royalty payments due from defendant pursuant to the assignment to it became due after defendant got actual notice of plaintiff's mortgage, and after plaintiff had demanded that defendant pay plaintiff the royalties as security for which plaintiff got his mortgage. Defendant's refusal to give any effect to that notice and demand and its subsequent removal of the gas from the well, effectually destroyed plaintiff's entire security and defendant is liable at law in damages for that violation of plaintiff's rights (*Van Pelt* v. *McGraw*, 4 N. Y. 110; *Manning* v. *Monaghan*, 23 N. Y. 539, 546 *et seq.*). The cases cited herein show that it is unnecessary in such a suit to make the mortgagor a party.

Since there may be open questions here as to the amount of plaintiff's damages and as to the effect, if any, of assignments to other persons of the same lease, there should be a new trial, with costs to abide the event.

LOUGHRAN, Ch. J., LEWIS, CONWAY, FULD and FROESSEL, JJ., concur in *Per Curiam* opinion; DESMOND, J., dissents in opinion in which DYE, J., concurs.

Judgment affirmed.