In the Matter of the Estate of EUGENE KIENLE, Deceased.

Surrogate's Court, New York County, November 26, 1951.

*Cravath, Swaine & Moore* for Julia Kienle and another, as executors of Eugene Kienle, deceased, petitioners.

*Vaughan & Lyons* for Julia Kienle, individually, respondent.

*I. Meyer Pincus,* special guardian for Lois A. Kienle and others, infants, respondents.

FRANKENTHALER, S. The executors' request for advice and directions as to the sale of certain personal property was granted by the prior decision of the court in this proceeding. Since that decision a hearing has been held to permit the offering of proof upon the personal claim of the executrix. The claim is for repayment of sums totalling $45,000 borrowed by testator from the executrix during the years 1932 to 1935. In the latter year

testator and the executrix, his stepmother, were tenants in common of residential property in Great Neck, New York. On December 18, 1935, testator executed and delivered to his stepmother a writing that stated:

" This letter is intended as an acknowledgment by me that I am indebted to you in the sum of $45,000. advanced by you to me from June 1, 1932 to December 1, 1935. Against this indebtedness I have no offsets or counterclaims.

" If the Great Neck property which we own is sold and at that time there is still all or a part of my indebtedness to you still unpaid, to secure the repayment of my indebtedness to you, I hereby assign, set over and transfer to you my interest in the proceeds of such sale to the extent of any indebtedness of mine to you unpaid at the time of such sale. " The real property referred to in that writing remained unsold at testator's death on January 14, 1950. No payments on the debt were made by testator in his lifetime and no action was instituted by claimant to enforce collection of the debt.

The executors have proposed to compromise the claim of the executrix by delivering to her a deed of a one-half interest in the Great Neck realty. The special guardian for infant parties to this proceeding opposes payment of the claim of the executrix or any compromise of it.

The indebtedness of testator to the executrix had been unpaid for a period of over fifteen years on the date of his death and had become barred by the Statute of Limitations unless the writing of December 18, 1935, removes the debt from the application of the statute or the writing in itself constitutes a basis for claim against the estate. The contention of claimant is that the writing is a valid equitable assignment, the consideration for which was the antecedent indebtedness of testator to her. Claimant asserts that the equitable assignment will ripen into a legal assignment when and if the real property is sold and the Statute of Limitations will not begin to run until the proceeds of such sale shall come into existence. The weakness of this position is that the writing lacks the elements of an equitable assignment, since the terms of the writing clearly disclaim any intent either to vest in claimant any present interest in the realty or to effect an appropriation of the property for such purpose. (*Hinkle Iron Co.* v. *Kohn,* 229 N. Y. 179; *McAvoy* v. *Schramme,* 219 App. Div. 604, affd. 245 N. Y. 575; *Cleary* v. *Fogg,* 244 App. Div. 632; *Donovan* v. *Middlebrook,* 95 App. Div. 365; *Matter of Link,* 173 Misc. 217.) The writing was not a present assignment. It was at best a conditional promise to be

operative in the future when and if testator himself became possessed of a fund and provided further that the indebtedness then was existent. Neither did the writing grant to claimant a contractual right that would create an equitable lien. A promise to make an assignment in the future is not even a contract to assign in the absence of consideration. It is here suggested that the consideration for testator's promise was the past-due indebtedness but an antecedent indebtedness is not consideration for a promise to make an assignment or to pay the debt in the future out of a particular fund (2 Williston on Contracts [Rev. ed.], § 429). Subdivision 3 of section 33 of the Personal Property Law now provides that a written promise, made after the effective date of the statute, shall not be denied effect as a valid contractual obligation on the ground that the consideration for the promise is past or executed, but that statute had not been enacted at the date of the writing upon which claimant relies and the effect of the statute was to change, as to future contracts, the prior existing rule of law that is controlling herein.

The law of this State has been firmly established regarding the creation of equitable rights by promises of the character relied upon by claimant herein. " Whatever the law may be elsewhere, it must be regarded as the settled law of this State that an agreement, either by parol or in writing, to pay a debt out of a designated fund does not give an equitable lien upon the fund, or operate as an equitable assignment thereof. " (*Williams* v. *Ingersoll,* 89 N. Y. 508, 518.) This rule was restated in *James* v. *Alderton Dock Yards* (256 N. Y. 298, 303) and was quoted with approval in *People ex rel. Balbrook Realty Corp.* v. *Mills* (295 N. Y. 190).

The writing upon which claimant relies established no property right or contractual obligation that is enforcible against the estate at this time or will be enforcible at a later date. The only legal effect of the writing was to create an account stated. Recovery on that theory has been barred long since by the Statute of Limitations. (*Matter of Bartlett,* 272 App. Div. 1068.) The court finds that claimant has neither a present claim nor a contingent claim against the estate on the basis of the writing dated December 18, 1935, and the application of the executors for approval of a compromise of the claim premised either on that paper or the antecedent indebtedness referred to in the paper is denied.

Submit decree on notice.