Henry Clay Greenberg, J.
This action is based upon a written agreement made by Meyer Levin, author of “ Compulsion ”, to pay plaintiff 20% of his share of all royalties (after deducting agents’ commissions), with certain specified exceptions, which may become due to Levin pursuant to a contract for the production of his stage adaptation of his novel. Plaintiff was to assist Levin in the preparation and revision of dialogue and other material “ or as Mr. Myerberg [the producer] may request Thereafter plaintiff fully performed such services at the producer’s request and the play as actually produced contained his revisions. When informed, shortly after the play opened, that Levin refused to recognize his obligation to plaintiff on the ground that the latter’s revisions had not been submitted for his approval as required by their agreement, plaintiff commenced this action for (a) an accounting of all moneys received and to be received by Levin; (b) a declaration of plaintiff’s interest in the proceeds of the play and the “ subsidiary rights ” therein, and (c) an accounting from the producer, joined in the action, of the portion of the receipts attributable to the author’s share.
Plaintiff has now moved for summary judgment for all the relief demanded in the complaint against the defendants and in addition, for $3,138.77, his alleged share less credits of the royalties claimed to have been received by Levin up to December 21,1957.
The affidavits and documentary evidence completely establish plaintiff’s right to recover against Levin. Whatever grounds of objection might have been raised to plaintiff’s revisions or to the failure to obtain Levin’s prior approval mast be deemed to have been waived by the subsequent agreement that all dif *832 ferences of opinion concerning dialogues or script changes be submitted to the director of the play, whose decision was to be controlling. The director chose plaintiff’s version.
Moreover, Levin demanded and received the royalties for this very production. Whatever the artistic merits of plaintiff’s version, he is entitled to the stipulated share of the royalties earned from any production utilizing his revisions. To deny plaintiff’s claim and permit Levin, while inveighing against the “ producer’s version ”, to pocket the entire royalties from that production, would be a species of unjust enrichment.
Plaintiff is accordingly entitled to a declaration of his right to 20% of Levin’s royalties, after agents’ commissions, as provided in their agreement with regard to any production using his version or any substantial part thereof; and to an accounting from Levin of all royalties received from the recent Broadway production.
The request for a partial money judgment at this time without an accounting is neither authorized by the present state of the pleadings nor warranted by the proof presented. In any event plaintiff will be entitled to judgment for all moneys found to be due him at time of accounting.
As to defendant Myerberg and his associate, however, the complaint fails to state a cause of action and summary judgment dismissing the complaint as against them must be granted. The theory of plaintiff’s claim against them is that by the terms of his' agreement with Levin an equitable assignment of 20 per cent of the royalties of the author arose in his favor, enforcible after due notice against receipts held by the producer. But a mere agreement to pay a stipulated percentage out of a certain fund does not by itself amount to an assignment thereof. The holder of the fund is not authorized to pay the money directly to the creditor in the absence of an application of the fund, or appropriated share thereof, pro tanto by words or acts importing an order or direction to transfer same directly to the creditor without the further intervention of the debtor (Trist v. Child, 21 Wall. [88 U. S.] 441; Williams v. Ingersoll, 89 N. Y. 508; McAvoy v. Schramme, 219 App. Div. 604, affd. 245 N. Y. 575). Under the agreements here involved the producer owed no duty to hold receipts upon plaintiff’s demand in the face of the author’s insistence that the royalties be forwarded to him.
Settle order accordingly.