THE PEOPLE OF THE STATE OF NEW YORK ex rel. NEW YORK TITLE AND MORTGAGE COMPANY, in Rehabilitation, Relator, *v.* WILLIAM STANLEY MILLER and Others, as Commissioners of Taxes and Assessments of the City of New York, Defendants.

(Year 1934.)

THE PEOPLE OF THE STATE OF NEW YORK ex rel. 1200 MADISON AVENUE CORPORATION, Relator, *v.* WILLIAM STANLEY MILLER and Others, as Commissioners of Taxes and Assessments of the City of New York, Defendants.

(Years 1935–1936.)

THE PEOPLE OF THE STATE OF NEW YORK ex rel. BROOKLYN TRUST COMPANY, as Trustee, Relator, *v.* WILLIAM STANLEY MILLER and Others, as Commissioners of Taxes and Assessments of the City of New York, Defendants.

(Years 1937–1938.)

In the Matter of the Motion of 1200 MADISON AVENUE CORPORATION, Respondent, and the Cross-motion of BROOKLYN TRUST COMPANY, as Trustee, Appellant, for an Order Directing the Comptroller of the City of New York to Pay over the Tax Refunds Directed to Be Made in Each of the Foregoing Proceedings.

First Department, June 18, 1941.

*Leon Leighton* of counsel [*Cullen & Dykman*, attorneys], for the appellant Brooklyn Trust Company, as trustee.

*Alexander Pfeiffer* of counsel [*Clarence S. Barasch* with him on the brief; *Pfeiffer & Crames*, attorneys], for the respondent 1200 Madison Avenue Corporation.

*Arthur A. Segall* of counsel [*Paul Lindemann* with him on the brief; *William C. Chanler, Corporation Counsel*, attorney], for the defendants.

COHN, J. The property involved in these five tax certiorari proceedings is located at 1200 Madison avenue, borough of Manhattan. Respondent 1200 Madison Avenue Corporation, the former owner of the premises, and appellant, the present holder of title, each claims the right to refunds to be made by the comptroller of the city of New York for the tax years 1934 to and including the first half of the year 1938.

During the years in question the premises were incumbered by a first mortgage of $1,800,000, reduced by payments to $1,710,000, executed to the New York Title and Mortgage Company, which sold and guaranteed certificates of participation in the mortgage and in the bond which it was given to secure.

Title to the property had been conveyed to respondent by Joseph L. Young on March 6, 1934. On August 1, 1933, Young, who was then the owner, because of existing defaults in taxes and interest, executed an assignment of rents to Nyamco Associates, Inc., a subsidiary of New York Title and Mortgage Company. On August 4, 1933, the Superintendent of Insurance of the State of New York took possession of the assets of the New York Title and Mortgage Company, including the mortgage on this property. In 1935 the Mortgage Commission of the State of New York came into possession and control of the mortgage. By order of the Supreme Court, New York County, appellant Brooklyn Trust Company, on January 24, 1936, was appointed trustee for the benefit of the holders of certificates of participation in the mortgage. Each of appellant's predecessors, as well as appellant itself, acquired all of the mortgagee's rights and powers which had been possessed by the New York Title and Mortgage Company.

It is conceded that all taxes for the years on which the refunds involved here are to be made were paid by appellant or its predecessors out of rents collected pursuant to the agreement executed by Joseph L. Young and an assignment of rents agreement executed by respondent on April 30, 1935, to the Superintendent of Insurance, who then possessed and controlled the mortgage.

On June 27, 1938, appellant acquired the premises at a sale in foreclosure instituted by appellant. The judgment of foreclosure adjudged the amount due on appellant's mortgage to be $1,951,803.95. At the sale the premises were bid in by appellant for $1,000. The arrears of interest and taxes then were $253,773.95 and the balance available for application against such arrears

in the assignment of rents account aggregated $41,177.98, leaving net arrears on such date of $212,595.97, in addition to the principal sum due of $1,710,000. No deficiency judgment was applied for against 1200 Madison Avenue Corporation.

The first of the five certiorari proceedings herein had been brought by the New York Title and Mortgage Company in rehabilitation for reduction of the assessment for the year 1934. The next two proceedings covering the tax years 1935 and 1936 had been instituted by respondent, 1200 Madison Avenue Corporation. Appellant initiated the proceedings to reduce the assessments for the years 1937 and 1938. The final orders in all the five proceedings were signed subsequent to the foreclosure sale. The Tax Law (§ 296, subd. 2) provides that tax refunds shall be paid " to the petitioner or other person who shall have paid such tax."

In directing payment of the tax refunds to respondent, the Special Term held that in taking the rents under the assignments, the assignee was the agent of respondent mortgagor for the purpose of properly applying the income on behalf of the mortgagor.

We think that this disposition is erroneous. It overlooks the fact that due to the defaults in the payment of interest on the mortgage and taxes, the rents were assigned as further security for the mortgage indebtedness. A part of this additional security, it is true, was used to pay the taxes against the mortgaged premises. It so happens that there were, in effect, overpayments of these taxes which are now about to be finally adjusted by the making of tax refunds. Respondent is not entitled to these refunds. Such moneys are part of the funds assigned by respondent as further security and belong to appellant, who in the circumstances is the person who paid the tax and is by statute entitled to the refund. We know of no reason for holding that the mere circumstance of an overpayment out of the additional security fund should result in releasing to respondent any part of the further security previously assigned to appellant.

The assignment of rents herein continued in full force and effect until the foreclosure sale since the arrears under the mortgage had never been paid in full. As of the date of sale, the amount by which the judgment of foreclosure and sale exceeded the amount paid for the property was $1,951,803.95. The balance then in the assignment of rents account was $41,177.98.

Section 1083-a of the Civil Practice Act provides: " * * * Notwithstanding the foregoing provisions and irrespective of whether a motion for a deficiency judgment shall have been made or, if made, shall have been denied, the court shall direct that all moneys remaining in the hands of a receiver of the rents and profits

appointed in the action * * * or any moneys remaining in the hands of a mortgagee in possession or an assignee of the rents and profits of said premises, shall be paid to the plaintiff to the extent of the amount, if any, by which the judgment of foreclosure and sale exceeds the amount paid for said property upon said sale." This sentence was added to the deficiency judgment legislation by chapter 562 of the Laws of 1934, but the law was the same prior to its enactment. (*Metropolitan Life Ins. Co.* v. *Rosenfield*, 153 Misc. 218; affd., 244 App. Div. 720; *Prudential Ins. Co. of America* v. *Adelphi Hall, Inc.*, 242 id. 704; appeal dismissed, 265 N. Y. 585.)

The orders in the five proceedings here directing the refunds were made after the foreclosure sale. Accordingly, at the time of the making of such orders, respondent had been divested of title to the rents which had been used to pay the taxes based on the original assessed values and to the refunds of the moneys resulting from the reduction in the assessments for the tax years involved.

The order should be reversed, with twenty dollars costs and disbursements, the motion of 1200 Madison Avenue Corporation denied and the cross-motion of the Brooklyn Trust Company granted.

MARTIN, P. J., TOWNLEY, GLENNON and CALLAHAN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, the motion of 1200 Madison Avenue Corporation denied and the cross-motion of the Brooklyn Trust Company granted. Settle order on notice.