The People of the State of New York ex rel. Crompton Building Corporation, Respondent, v. James J. Sexton and Others, as Commissioners of Taxes and Assessments of the City of New York, Appellants.

(Taxes of 1932 and 1933.)

The Comptroller and Deputy Comptroller Cunningham of the City of New York, Appellants.

The People of the State of New York ex rel. Crompton Building Corporation, Respondent, v. William S. Miller and Others, as Commissioners of Taxes and Assessments of the City of New York, Appellants.

(Taxes of 1934.)

The Comptroller and Deputy Comptroller Cunningham of the City of New York, Appellants.

First Department, July 3, 1942.

*Mendel Lurie* of counsel [*Arthur A. Segall* with him on the brief; *William C. Chanler, Corporation Counsel*], for the appellants.

*Leon Sacks* of counsel [*Martin Sacks* with him on the brief; *Hirsh, Newman, Reass & Becker*, attorneys], for the respondent.

PER CURIAM. Concededly the relator did not pay the taxes for the years 1932, 1933 and 1934 for which it claims a refund based upon the reduction of the assessments as provided in the final order entered in these tax certiorari proceedings. Therefore, it was not entitled to the refund.

The only one authorized to receive the refund was the Harlem Savings Bank, since it paid the taxes for the years involved. (*People ex rel. N. Y. Title & Mortgage Co.* v. *Miller,* 262 App. Div. 175; affd., 287 N. Y. 685; *People ex rel. 342 East 57th Street Corp.* v. *Miller,* 262 App. Div. 132; affd., 287 N. Y. 682.) The fact that the bank has waived its claim to the refund does not confer upon the relator the right to demand and receive these moneys.

The court erred in holding the comptroller and deputy comptroller in contempt for taking the position that relator was not privileged to receive the refund and in refusing to recognize its claim. The final order in these certiorari proceedings affirmed by this court (258 App. Div. 1046) was framed in the language found in section 296 of the Tax Law. It required the auditing officer of the city, the comptroller, to pay a refund " to the relator or any other person who shall have paid the said taxes." There was no adjudication that the relator was the one to whom the refund was to be repaid.

The order should be reversed and the motion denied.

Present — MARTIN, P. J., TOWNLEY, GLENNON, COHN and CALLAHAN, JJ.

Order unanimously reversed and the motion denied.