OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
At issue in this tax certiorari proceeding is whether appellant (the property owner/mortgagor) or respondent (the assignee of the mortgagee) is entitled to receive the tax refund. We affirm the order below in favor of the assignee of the mortgagee, since the mortgagee, for its own account, had made the actual tax payments under review and had suffered a loss upon sale of the property.
In 1974, appellant defaulted on payments on an apartment building mortgage. The mortgagee, the Department of Housing and Urban Development (HUD), brought a foreclosure action in 1975 in Federal court and secured the appointment of a receiver. The court’s order included a provision that HUD itself pay the property taxes during the pendency of the action, a direction with which it complied, resulting in tax payments by HUD for the years in issue of $1,177,421.28. In January, 1979, the court entered a judgment of foreclosure and the property was sold, leaving a deficiency on the indebtedness, including the taxes paid by HUD, of $1,283,573.96. The mortgage agreement having limited the right of the mortgagee to foreclosure, the mortgagee did not seek a deficiency judgment against appellant. Appellant contends that, although it did not directly make the tax payments, in reality it paid the taxes, since they increased the mortgage indebtedness, *882 and it should therefore receive any tax refund resulting from the certiorari proceeding.
Special Term concluded that since HUD had paid all of the property taxes during the years in issue and since the deficiency exceeded the total taxes paid, respondent, as HUD’s assignee, was entitled to the refund. The Appellate Division affirmed, without opinion, and we agree.
A property tax refund is normally made to the party who paid the tax (People ex rel. Crompton Bldg. Corp. v Sexton, 264 App Div 522; Real Property Tax Law, § 726). Appellant did not make the tax payments directly, or even indirectly through HUD, since HUD acted pursuant to court order, on its own behalf and not as appellant’s agent (see People ex rel. New York Tit. & Mtge. Co. v Miller, 262 App Div 175, affd 287 NY 685; People ex rel. 342 East 57th St. Corp. v Miller, 262 App Div 132, affd 287 NY 682). Finally, appellant did not pay the taxes through forfeiting the property because the sale price of the property did not even cover the mortgage principal and interest, much less the tax advances. Accordingly, respondent is entitled to the refund as the assignee of the party who paid the tax.
Appellant’s remaining contention, that the taxes paid by HUD actually exceed the amounts found by Special Term and therefore any refund would be greater than the deficiency, has no support in the record.
Chief Judge Cooke and Judges Jasen, Jones, Wacht-ler, Meyer, Simons and Kaye concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.