69 Pinehurst LLC v Sixty Nine Pinehurst Ave. Assoc. LLC (2022 NY Slip Op 07142)

69 Pinehurst LLC v Sixty Nine Pinehurst Ave. Assoc. LLC

2022 NY Slip Op 07142

Decided on December 15, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 15, 2022

Before: Renwick, J.P., Shulman, Rodriguez, Higgitt, JJ. 

Index No. 653201/20 Appeal No. 16901-16902 Case No. 2022-01482, 2022-03072 

[*1]69 Pinehurst LLC, Plaintiff-Appellant,
v
Sixty Nine Pinehurst Avenue Associates LLC et al., Defendants-Respondents.

Belkin Burden Goldman, LLP, New York (Magda L. Cruz of counsel), for appellant.
Frydman, LLC, New York (David S. Frydman of counsel), for respondents.

Judgment, Supreme Court, New York County (Louis L. Nock, J.), entered April 27, 2022, dismissing the complaint, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered on or about March 3, 2022, which granted defendants' motion to dismiss the complaint, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff purchased property from defendant Sixty Nine Pinehurst Avenue Associates LLC (seller), pursuant to a purchase and sale agreement, dated on or about November 22, 2016. On March 30, 2017, seller conveyed the property to plaintiff by way of a deed, which transferred the property and "all of Seller's rights . . . claims . . . and causes of action . . . with respect to the premises" to plaintiff.
Subsequently, plaintiff applied for a real estate tax refund for taxes paid for the period June 1, 2013 through October 1, 2016, and the Department of Taxation and Finance issued a refund to defendant seller, which distributed it to defendants upon its dissolution. Plaintiff claims entitlement to the refund, alleging that defendants have wrongfully retained it despite transferring the claim to plaintiff in the bill of sale.
Under RPTL 726(1)(b), excess real estate taxes must be "paid to the petitioner or other person paying such tax," regardless of whether that person owned the property (see Matter of Adam Jay Assoc. v Board of Assessors of County of Nassau, 62 NY2d 880, 882 [1984]; Brookmar Corp. v Tax Commr. of City of N.Y., 13 Misc 3d 772, 776 [Sup Ct, Kings County 2006] ["actual payment of money as taxes to the taxing authority" is "[a]n irrefutable element of entitlement to a refund" under RPTL 726(1)(b)]). The bill of sale conveyed the property and claims relating to the property, not claims personal to the seller as the person who paid the real estate taxes. This understanding of the bill of sale is consistent with the provision of the purchase and sale agreement that apportioned real estate taxes and assessments, if any, between the parties as of 11:59 p.m. on the day immediately preceding the closing date "on the basis of the fiscal year for which assessed." Plaintiff obtained what it bargained for, "namely, a title that was free and clear" of liens for accrued tax assessments and may not also recover real estate tax refunds attributable to taxes paid by defendant seller in fiscal years predating the closing (see In re Sixth Ave. El. R.R. in City of New York, 55 NYS2d 236, 239-240 [Sup Ct, NY County 1945]).
In light of defendants' entitlement to the refund, plaintiff cannot sustain its causes of action for breach of contract, or any of its other causes of action.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2022